MARTIN H. GRIFFING vs. THE TOWN OF DANBURY.

A judge of the Superior Court has no power to allow a motion for a new trial after a resignation of his office has taken effect, in a case tried before him while in office.

ASSUMPSIT, brought to the Superior Court in Fairfield County and tried to the jury before *Minor, J.* The jury having rendered a verdict for the defendants the plaintiff moved for a new trial. A preliminary objection was taken by the counsel for the defendants, that the case was not legally before the court. It appeared that Judge *Minor* had in the early part of the year 1873 sent to the Governor of the state a resignation of his office as judge, to take effect on Saturday the 15th day of November following. The case was tried at the August term of the court in 1873, but the time for filing the motion for a new trial had been extended by the judge. Some question was made with regard to the facts on this point, but they are not important to the principal question. The papers necessary for the preparation and allowance of the motion were not submitted to the judge until so late an hour on the 15th of November that he was unable to examine them and allow the motion before 12 o'clock at night, and he therefore laid the matter over until Monday the 17th, when he completed and allowed the motion, leaving it to the parties to make the question as to the legality of his action, the judge certifying the facts to this court. The point was discussed by *Booth*, with whom was *Averill*, for the defendants, and by *Taylor*, with whom was *Sanford*, for the plaintiff.

The judges were unanimously of opinion that Judge *Minor* had no power to allow the motion after the day on which his resignation took effect.