## W. S. R. WAKE ET AL. (BOSTON FURNITURE COMPANY) *vs.* WILLIAM E. THOMS ET AL.

*Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under General Statutes, §§ 791, 792 and 794, and Rules of Court, p. 35,
    § 104, an appeal to this court within ten days after notice of the re-
    filing of the finding by the trial judge is seasonably taken.
Whether a finding be modified or not, its return to the clerk by the
    trial judge constitutes a "filing" at least for the purposes of fix-
    ing the time within which an appeal may be taken.
After its refiling, neither party is entitled to move for a correction of
    the finding which he might properly have asked for within one
    week after notice of the original filing.

Submitted on briefs April 19th—decided May 12th, 1905.

APPEAL by the plaintiffs from a judgment in favor of the defendant in the District Court of Waterbury. In this court the defendants filed a plea in abatement, upon the ground that the appeal was not seasonably taken. *Plea in abatement overruled.*

<hr/>

* See volume for 3d District, June Term, 1905, for record and briefs.

*William E. Thoms*, in support of the plea in abatement.

*Charles G. Root* and *James A. Peasley*, in opposition to the plea in abatement.

HALL, J. The defendants' plea in abatement to the plaintiffs' appeal to this court alleges that the finding of facts was filed by the trial judge with the clerk of the District Court on January 31st, 1905, and the plaintiffs notified thereof on February 7th, 1905, when they filed a motion to correct the finding; that the motion to correct was denied February 24th, 1905, and the appeal to this court taken March 7th, 1905; that the finding was never refiled, nor the time for filing an appeal extended by the judge.

In their answer the plaintiffs admit that the finding was filed with the clerk in the District Court, that they were notified thereof, filed their motion to correct, and took their appeal, on the days named in the plea in abatement; and that the time for filing the appeal was not otherwise extended than by the following facts. The answer then alleges that on the 25th of February, 1905, the finding was returned to the clerk of the District Court by the judge; that the clerk made an entry that the finding was refiled on that day; and that the plaintiffs were on that day first notified that the motion to correct had been denied, and that the finding had been refiled.

To this answer the defendants demur, upon the ground that it still appears from the answer that the appeal was not taken within ten days after the finding was filed, nor within ten days after the plaintiffs were notified that the finding had been filed; and that the time for filing the appeal was not extended by the judge, nor the finding actually refiled by the judge.

The question thus presented by the pleadings is whether an appeal to this court is seasonably taken, if filed within ten days after notice from the clerk that the finding—which had been filed before, and a motion to correct which, duly made, had been denied—has been refiled, when in fact the

entry that the finding had been refiled, and the sending of the notice thereof, were the acts of the clerk without express authority from the judge.

It is provided by §§ 791, 792 and 794 of the General Statutes, that when no finding or further action of the trial judge is necessary, the appeal shall be taken within ten days from the rendition of the judgment appealed from; that for cause shown the judge may extend the time for filing the appeal; that when a finding of facts is required the appeal " need not be filed until ten days after such finding has been filed with the clerk by said judge, and the party giving notice of appeal has been notified thereof by the clerk;" and that "when any finding is filed by the judge, the clerk shall notify the counsel on each side, in writing." Section 104 of the General Rules of Court (p. 35), provides that "whenever a written application to correct a finding is seasonably made to the trial judge, the clerk shall make an entry that the filing is refiled on the date when it is returned to him by the judge, whether it be modified or not."

The statutes referred to do not assume to state the manner in which the judge shall extend the time for filing the appeal, nor what shall constitute a filing of a finding with the clerk by the judge, nor whether the appeal must be taken within ten days after notice of the first filing of the finding or may be taken within that period after the final filing of the finding with the clerk by the judge. Even before the adoption in 1899 of the rule, § 104, the judge, to whom the statute expressly gave the power of extending the time for filing an appeal, might have done so by withdrawing a finding which he had delivered to the clerk and afterwards returning it either materially amended, or redated on a later day, or indorsed by him as filed or refiled on said later day, without any change of the finding. But the mere taking of the original finding from the clerk by the judge for the purpose of deciding a motion to correct, and the returning of it to the clerk without material change and without redating it or indorsing it as refiled, was, before the adoption of the rule, § 104, held not to constitute a refiling

Wake *v*. Thoms.

of the finding or an extension of the time for filing the appeal. *Halliday* v. *Collins Co.*, 73 Conn. 314, 316; *Comstock's Appeal*, 54 id. 116, 118.

The present rule in no way conflicts with the statute. It in effect provides that the return to the clerk of the finding, whether amended or not, after the judge has withdrawn it for the purpose of considering a motion to correct, is, for the purpose of fixing the time within which an appeal may be taken, a filing of the finding by the judge, just as the first delivery of the finding to the clerk was; and that such final filing of the finding is one within ten days after notice of which an appeal may always be taken. It is to be presumed that the judge in the present case, having knowledge of this rule, intended, by withdrawing and afterwards returning the finding, such a refiling of it, and such an extension of the time for taking an appeal, as is provided by the rule. While, under the rule, an appeal may properly be filed within ten days after notice of the filing of the original finding (*Hourigan* v. *Norwich*, 77 Conn. 358, 359 note), yet, in order to preserve his right to appeal, a party is now not required to file, within that period, an appeal which he does not intend to pursue upon the finding as originally filed, nor one based upon facts which are inconsistent with the finding, but which he may hope will be supported by a corrected finding.

After a finding has been refiled, neither party is entitled to file a motion to correct which he could properly have made within one week after notice of the first filing of the finding.

The demurrer to the answer is overruled and the plea in abatement dismissed.

In this opinion the other judges concurred.