THE GENERAL HOSPITAL SOCIETY vs. THE NEW HAVEN
RENDERING COMPANY.

Third Judicial District, New Haven, January Term, 1907.
HAMERSLEY, HALL, PRENTICE, THAYER and REED, Js.

In an action by a hospital to recover for the support and treatment
of two of the defendant's workmen, evidence that the plaintiff
received a telephone call sent from the office of the defendant and
purporting to come from it, asking for the dispatch of an am-
bulance to its place of business for two men who had been severely
burned, is prima facie admissible for any purpose for which a
like statement would be admissible if made in the office of the
defendant by one apparently in charge as its representative.
In answer to the plaintiff's inquiry, the person telephoning stated that
the defendant would pay for the treatment of the injured men.
*Held* that this statement was a circumstance which, in connec-
tion with others, was admissible as tending to prove a liability
upon the part of the defendant not based upon an express promise
of the defendant through its agent.
A conversation by telephone which is otherwise admissible is not nec-
essarily to be excluded merely because the identity of one of the
persons talking is not recognized.
Declarations of an alleged agent may be admitted, in the discretion
of the trial court, before the fact of agency is established.
Evidence admissible for one purpose but not for another will be pre-
sumed to have been received only for the legitimate purpose, in
the absence of any finding to the contrary; and a general objec-
tion to the admission of such evidence is insufficient.
An ultimate conclusion of fact will not be reviewed by this court,
unless it appears that the trial court, in drawing its inferences
from the subordinate facts, has violated the plain rules of reason,
or has reached a conclusion which is inconsistent as matter of
law with some one or more of the material facts found.
The subordinate facts in the present case reviewed and *held* not to
be legally inconsistent with the conclusion or inference drawn
therefrom by the trial court.

Argued January 18th—decided March 7th, 1907.

ACTION to recover for the support and treatment of two
employees of the defendant company at the plaintiff's
hospital, brought to and tried by the City Court of New
Haven, *Mathewson, J.;* facts found and judgment rendered

for the plaintiff for $162, and appeal by the defendant. *No error.*

*Ernest L. Averill* and *Alexander Cumming*, for the appellant (defendant).

*John Q. Tilson* and *Thomas Hooker, Jr.*, for the appellee (plaintiff).

HAMERSLEY, J.   The complaint alleges that the plaintiff furnished support and treatment in its hospital for two patients, at the request of the defendant, of the price and value of $162; that this sum is justly due from the defendant to the plaintiff, and that the defendant has never paid the same.   The answer is a general denial.   The case was tried to the court.

While the plaintiff was putting in its evidence in chief it produced as a witness one Richard A. Mannel, who testified that he was in the plaintiff's employ and in charge of telephone calls at the hospital, and on June 1st, as agent of the hospital, received a telephone call purporting to be from the defendant company asking for the dispatch of an ambulance to the place of business of the defendant for two men who had been severely burned.   The court found that the message was in fact sent from the office of the defendant.

This testimony was plainly admissible.   A conversation by telephone between an agent of the plaintiff at its office,

In this court the appellee pleaded in abatement, alleging that the defendant's appeal was not filed within ten days after the filing of the trial court's finding, as required by statute. General Statutes, § 791. It appeared by the record that the finding was filed on December 5th, but that the requisite bond was not then given; that on December 24th the defendant filed a motion for an extension of the time for giving the bond, which motion was on the same day heard and allowed by the court and an extension of time for perfecting said appeal granted; and that thereupon, and within the time limited by the court, the defendant filed a sufficient bond and his appeal was then allowed. *Held* by this court that the plea in abatement was insufficient.

with a person in the office of the defendant speaking for the defendant, unaccompanied by evidence that the person speaking for the defendant was authorized to use the defendant's telephone for the purpose of communicating messages from the office of the defendant other than a presumption arising from the use of the defendant's telephone in the defendant's office and the course of business and experience necessarily involved in the use of this instrumentality for communication, is prima facie admissible for any purpose that a conversation with a person at the office of the defendant who is apparently in charge of the office as the defendant's representative would be admissible. *Rock Island & P. Ry. Co.* v. *Potter*, 36 Ill. App. 590, 592; *Reed* v. *Burlington, C. R. & N. Ry. Co.*, 72 Iowa, 166, 33 N. W. 451; *Wolfe* v. *Missouri Pac. Ry. Co.*, 97 Mo. 473, 481, 11 S. W. 49. The fact that a person in the defendant's office, apparently in charge as its representative, told the plaintiff to send an ambulance, as testified, is a fact relevant to the issues raised by the pleadings. The defendant, however, did not object to this testimony, and it was received by the court without objection.

The witness further testified that he asked who would pay for the treatment of these men, and was informed that the defendant would take care of the expense. The defendant objected to so much of the witness' testimony as stated the answer to the witness' question as to who would pay for the care of the injured men. The court overruled this objection and the defendant excepted. This ruling is assigned as error. The defendant states as grounds for this objection that the plaintiff had not established the identity of the person telephoning, or the place from which the telephone call came.

These grounds are insufficient. As we have seen, the mere fact that the identity of the person telephoning is not recognized does not necessarily exclude a conversation which is in itself admissible. The court finds that the call came from the office of the defendant, and even if evidence of this fact was not received until afterward, which does

not clearly appear, that is a matter subject to the discretion of the court. *Stirling* v. *Buckingham*, 46 Conn. 461, 463. But the main ground urged in support of the objection is that no evidence had been offered that the person telephoning was the agent of the defendant, and therefore a statement made out of court by that person, that the defendant would pay for the care of the injured men, was inadmissible. The objection thus stated is a general one to the admission of the evidence for all purposes, without specifying any. In such case if the evidence is admissible for one purpose but inadmissible for another, it will be presumed to have been received only for the legitimate purpose, in the absence of any finding to the contrary. *State* v. *Wadsworth*, 30 Conn. 55, 56; *State* v. *Glidden*, 55 id. 46, 81, 8 Atl. 890; *Hurlbut* v. *McKone*, 55 Conn. 31, 46, 10 Atl. 164; *New England Mfg. Co.* v. *Starin*, 60 Conn. 369, 373, 22 Atl. 953; *Starkey's Appeal*, 61 Conn. 199, 202, 23 Atl. 1081. A statement by a person in the defendant's office, apparently having charge of the office as its representative, is a fact which, in connection with other facts, might tend to prove the liability of the defendant, not as evidence of a promise made by the defendant through its agent, but as one link in a chain of circumstances which establishes a liability in the defendant not founded on its direct promise. The finding indicates that the court admitted the evidence for this legitimate purpose, and its judgment plainly rests on a liability proved by such a chain of circumstances.

The only other error claimed is, that the facts appearing in the finding are so palpably inconsistent with the ultimate conclusion of fact reached by the court as to constitute an error in law. This claim is not very distinctly assigned as error, but perhaps it may fairly be regarded as included in the fourth assignment: " The court erred in finding that the person telephoning to the plaintiff had implied authority to act under the circumstances, and therefore the defendant was liable."

The facts indicated by the finding as supporting the ul-

timate conclusion of the court, are, in substance, these:
The plaintiff is a corporation in the town of New Haven,
established by the legislature as a charitable institution
for the purpose of carrying on a State hospital; its funds
were furnished from private benefactions and from the
State's treasury; its members can have no pecuniary in-
terest in its operation; its attending surgeons and physi-
cians are by law required to give their services without
compensation; its property to any amount necessary for
charitable purposes is by law exempted from taxation; it
receives an annual appropriation from the State of $10,000,
and by these private and public charities is enabled to care
for its patients at a small charge.   Of these facts the trial
court had judicial knowledge.   General Statutes, § 697; 1
Special Laws, p. 343; 7 id. pp. 507, 869; 14 id. pp. 309,
884.   The defendant is a corporation located in the ad-
joining town of Orange, conducting there a hazardous
business.   On June 1st, 1905, at the defendant's place of
business in Orange, two of its men were severely burned,
so severely that one needed hospital care for nine days and
the other for one hundred and fifty-one days.   The officer
representing the defendant in the conduct of its business
at Orange was temporarily absent.   The men were suffer-
ing, and in this emergency some one in the defendant's
office undertook to act for the defendant, and asked,
through the telephone, the plaintiff to dispatch an am-
bulance immediately to the defendant's place of business
to convey two men, who had been severely burned, to the
hospital, saying that the defendant would take care of the
expense.   In response to this summons the hospital am-
bulance was sent to the defendant's office, and the men
were there found to be severely burned and suffering, and
were taken immediately to the hospital.   The defendant
neither through its local manager nor otherwise disclaimed
its liability, and took no steps to notify the plaintiff that
it repudiated or desired to repudiate the act of the person
who, in the emergency of the accident, had assumed to act
for the defendant, until after both men were discharged

from the hospital. One man was discharged from the hospital in nine days and the other in one hundred and fifty-one days. After the first one was discharged the plaintiff presented to the defendant at its office a bill for his treatment; its representative did not then disclaim responsibility on the part of the company for the care of the men, but said that such matters were attended to at the main office at Boston, and that he would submit the matter to the Boston office. Upon the trial, after the plaintiff had produced its evidence in support of the foregoing facts, the defendant produced no evidence to prove who was in charge of its office and place of business in Orange at the time of the accident, and produced no evidence to prove that the person who, in the emergency of the accident and the suffering of the defendant's servants injured in its hazardous business, had assumed to act for the dedant was not clothed with authority to so act. The support, medical and surgical treatment, and nursing, furnished to the patients, was of the value of $7 a week, the sum charged at the hospital, and the support and treatment furnished were necessary and proper.

In view of these facts and of all the inferences the court might properly draw from them in connection with the incidents of the trial, including the failure of the defendant to either disavow knowledge of the sending of the message purporting to be from the company, or to disclaim the authority of the person sending it (*Hull* v. *Douglass*, 79 Conn. 266, 273, 64 Atl. 351; *Wilson* v. *Griswold*, 79 Conn. 18, 63 Atl. 659), the court reached its ultimate conclusion of fact that the defendant had assumed as its own the assurance of its responsibility for the care of its servant, given from its office to the plaintiff and upon the faith of which the plaintiff had acted, and rendered judgment for the plaintiff.

It does not clearly appear from the finding that in drawing its inferences of fact the trial court has violated the plain rules of reason, or that any fact found is legally inconsistent with the conclusions reached. *Owens Pottery*

*Co.* v. *Turnbull Co.*, 75 Conn. 628, 631, 54 Atl. 1122; *Hyde* v. *Mendel*, 75 Conn. 140, 143, 52 Atl. 744; *Metcalf* v. *Central Vermont Ry. Co.*, 78 Conn. 614, 619, 63 Atl. 633.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred.