## CHARLES W. CRAMER *vs.* JOSEPH REEB.

* First Judicial District, Hartford, October Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and GREENE, Js.

Unless the time therefor be extended by the trial judge, an appeal to this court under General Statutes, §§ 792, 795, must be taken within ten days after the filing or refiling of the finding of facts and notice thereof to the prospective appellant.

The procurement of a certified copy of the evidence pertinent to exceptions taken to the finding and its incorporation in the record, has no relation to an appeal—which lies, not from the evidence, but from the findings made or refused—and therefore cannot serve to extend the ten-day period within which the appeal must be taken.

A litigant who requires further time in which to take his appeal can ordinarily obtain it from the trial judge in accordance with our practice, which is liberal in this respect.

A plea in abatement, and not a motion to erase, is the proper method to take advantage of a belated appeal.

Argued October 5th—decided December 17th, 1915.

ACTION to recover for services as a broker in effecting a sale of real estate, brought to and tried by the Superior Court in Middlesex County, *Gager, J.;* facts found and

* For the main record in this case, see *Records and Briefs* of the first district, January Term, 1916, Part I.  *Reporter.*

judgment rendered for the plaintiff for $189, and appeal by the defendant.

In this court the plaintiff filed a plea in abatement to the defendant's appeal, upon the alleged ground that it was not seasonably taken; the defendant made answer, to which the plaintiff demurred. *Demurrer to answer sustained.*

*Bertrand E. Spencer,* in support of the plea in abatement.

*Daniel J. Donahoe,* in opposition to the plea in abatement.

WHEELER, J. The appellee pleaded in abatement that after the finding was filed the defendant filed his written motion to correct the same, and the judge granted the motion in part and in part denied it, that thereafter the finding was refiled and counsel notified, and that the appeal was filed more than ten days after such refiling and notification.

In his answer, the defendant pleads as new matter that he duly excepted to the refusal of the court to find as requested, and at the suggestion of the court filed a duly-certified copy of the evidence which the judge on July 6th, 1915, filed and made a part of the record, and that thereafter, on July 13th, 1915, the defendant took his appeal. So that, as he alleges, the finding was actually filed July 6th, 1915.

The plaintiff demurred to this answer because it did not appear: (1) that the appeal was filed within ten days after the filing of the finding or after notification to counsel; (2) that the exception filed by the defendant was authorized by statute; and (3) that the certified copy of all the evidence was any part of the finding or necessary to the filing of the appeal.

The defendant claims his appeal was pursued under General Statutes, § 797, and that the certification of the evidence by the judge was an extension of the time for filing such evidence. The defendant is very plainly in error; his attempt to correct the finding was begun under General Statutes, § 795, and, so far as the record shows, this method has never been departed from. A finding of facts was necessary in this case, hence the appeal must, under § 792, have been filed within ten days after notification of the refiling of the finding upon the decision of the motion to correct.

Under § 791 the judge may, for due cause shown, extend the time for filing such appeal. It does not appear that the judge in this case extended the time for filing the appeal, nor was he requested so to do. His authority in this respect is limited by, and cannot extend beyond, the statutory authority. *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 Atl. 121. Therefore the period in which to take this appeal expired ten days after the notification to counsel of the refiling of the finding; *Wake* v. *Thoms,* 78 Conn. 14, 60 Atl. 689; and this period was long prior to the filing of this appeal.

But the defendant insists that the proceedings upon the exceptions filed by him, and the certification of all . of the evidence as a part of the record on appeal by the judge, constituted, in effect, an extension of the time for filing the appeal. We do not think this claim tenable. The exceptions filed by the defendant were to the denial of the motion to correct. Exceptions of this kind are unknown to our practice. Assignments of error on appeal may be based upon exceptions to the finding, but not to a denial of a motion to correct. Connecticut Practice Book (1908) p. 268, § 9; *Twining* v. *Goodwin,* 83 Conn. 500, 77 Atl. 953.

Even had these exceptions been duly taken to the finding, the extension by the judge of the time for

filing them could not be held to be an extension of the time for taking the appeal. The filing of the exceptions to the finding bears no relation to the filing of the appeal, or to the motion to extend the time for filing the appeal. Nor does the certification of the evidence affect the right of appeal. The reasons of appeal are from the findings made or refused, and not from the evidence. The certification of the evidence is not an extension of the time for filing the appeal. *Hart* v. *Farchau*, 83 Conn. 316, 319, 76 Atl. 292; *Burke* v. *Wright*, 75 Conn. 641, 644, 55 Atl. 14. Nor is the evidence in a case necessary to the appeal, except when the exceptions to the finding require its filing.

The defendant is not unreasonably prejudiced by this conclusion. It was within his power to have secured an extension of time for taking his appeal, and the practice of our trial judges in granting such extentions is neither narrow nor illiberal.

The motion to erase is not, the plea in abatement is, the proper method to take advantage of the failure of a party to seasonably appeal. *Sisk* v. *Meagher*, 82 Conn. 376, 73 Atl. 785.

The motion to erase is denied.

The demurrer to the answer to the plea in abatement is sustained.

In this opinion the other judges concurred.