### CHRISTOPHER A. LA CROIX ET AL. *vs.* JOHN T. DONOVAN.

Third Judicial District, Bridgeport, April Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

While an extension of time for filing an appeal to this court may be granted by the trial judge after the ten-day period following the filing of a finding has expired, it can be granted only "for due cause shown," as provided in General Statutes, § 5823. Mere forgetfulness of counsel, unless excused by some unusual stress or circumstance, does not constitute a "due cause" for extending the time, and if an extension be allowed solely upon such ground—as in the present case—its allowance is an abuse of judicial discretion and leaves the appeal subject to abatement because not seasonably taken.

Should it appear that a litigant would suffer a real hardship, or that the ends of justice would not be fully served, if an appeal were lost because of the failure of counsel to act seasonably, that might furnish the "due cause" required by the statute for an extension of time.

In the absence of any abuse of discretion, the failure of the trial judge to accord a hearing to the parties upon a request for an extension of time, will not be reviewed by this court.

The proper practice and procedure in cases of applications for an extension of time in which to file an appeal under General Statutes, §§ 5823 and 5824, stated and explained.

Since 1905 it has not been necessary to specify the particular term of this court to which an appeal is taken, inasmuch as Chapter 112 of the Public Acts of that year prescribes that the term is the one "next to be held after the filing of the appeal;" and therefore an appeal alleged to be taken to a more remote term of court may be disregarded.

Submitted on briefs April 15th—decided May 5th, 1922.

APPEAL by the defendant from a judgment of the Superior Court in Fairfield County, *Haines, J.,* in favor of the plaintiffs, to which the latter filed a plea in abatement. The appellant answered the plea and later, by a stipulation, the parties agreed upon all the facts which were not expressly admitted in the pleadings. *Plea sustained and judgment rendered for plaintiffs.*

*Thomas M. Cullinan, John J. Cullinan* and *Vincent L. Keating,* for the appellees (plaintiffs, in support of the plea in abatement).

*Spotswood D. Bowers* and *Charles E. Williamson,* for the appellant (defendant, against the plea in abatement).

PER CURIAM. The facts, admitted or stipulated, are as follows: No appeal in writing was filed within ten days from the filing of the finding, which was on March 9th. Thereafter, on March 27th, counsel for defendant, by telephone, secured from *Judge Haines,* the trial judge, an extension of the time for filing the appeal, to 5 P. M. March 28th, and counsel, on said day, notified the clerk of the extension so granted. *Judge Haines* did not notify the clerk of the granting of this extension; nor did counsel for defendant notify plaintiffs, or their counsel, of his own intention to seek an extension of time for filing the appeal. No hearing was had to determine whether or not due cause existed for making such extension. So far as appears of record, no reason for asking such extension was presented to *Judge Haines,* other than that counsel had inadvertently permitted the time limited by statute for filing an appeal to pass, and, so far as appears of record, this was the basis of the order of *Judge Haines* granting such extension of time.

The appeal was taken to the first Tuesday of June, 1922. The term of court next after the filing of the appeal was the second Tuesday of April, 1922.

The two questions which the plea raises and which we purpose discussing are: 1. Whether the application for an extension of time for filing an appeal was properly granted. 2. Whether the taking of the appeal to the June, instead of the April, term, rendered the appeal nugatory.

La Croix *v.* Donovan.

The authority of the trial judge is limited by, and cannot extend beyond, the statutory authority. *Cramer* v. *Reeb*, 89 Conn. 667, 669, 96 Atl. 154. Under the construction which we have given General Statutes, § 5824, the trial judge has power, for due cause shown, to grant an extension of time for filing an appeal after a finding of facts has been filed, in the same manner as in cases in which, under General Statutes, § 5823, no finding is required to be filed. *New York, N. H. & H. R. Co.* v. *Illy,* 79 Conn. 526, 65 Atl. 965; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 651, 103 Atl. 940; In a note to *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.,* 87 Conn. 691, 698, 89 Atl. 909, it appears that, after the filing of the finding, a second appeal for errors arising on the trial was filed, to which the plaintiff filed a plea in abatement because that appeal was not filed in time, and because the extension of time for filing it was allowed without notice to the plaintiff. The trial court, within the ten-day period allowed for filing an appeal, granted an extension of time in which to file an appeal, and thereafter, within the period of such extension but beyond the said ten-day period, granted a further extension. We held the plea insufficient, and held that whether notice of, and a hearing upon, the motion for an extension of time should be given, was within the discretion of the court, and that ordinarily such notice or hearing was unnecessary. In *General Hospital Soc.* v. *New Haven Rendering Co.,* 79 Conn. 581, 582, 65 Atl. 1065, the judgment was rendered October 3d, the notice of appeal filed October 9th, the finding filed December 5th, and the appeal filed December 11th, but no bond was filed with the appeal. On December 24th, the time for filing the bond was extended. The appellee pleaded in abatement in this court, upon the ground that the defendant's appeal was not filed within ten

days after the filing of the finding, as required by statute, and we held the plea insufficient. These and other decisions determine that, in the absence of an abuse of discretion, the action of the trial judge cannot be reviewed for failure to accord a hearing, after notice given, upon such request for an extension. The finding of due cause must be largely within the discretion of the trial judge and uncontrolled, unless the circumstances show an abuse of discretion. The illness or incapacity of counsel to transact legal business, domestic affliction, or other circumstances, making the failure of counsel to act seasonably not unreasonable, would present a case of "due cause" within the statute. So, too, any other situation making it a real hardship upon the litigant to suffer through the failure of his counsel to act seasonably, might furnish "due cause" for the order for extension of time to file the appeal. But the mere inadvertence of counsel by itself should rarely, if ever, be deemed "due cause" for such extension, unless the trial judge were of opinion that a doubtful question of law was involved in the appeal, making the decision upon the appeal one of reasonable doubt, or unless the circumstances indicate that justice would probably not be fully served if the appeal be denied.

The case presented upon this record is one of mere inadvertence of counsel. No suggestion to excuse counsel, no situation of hardship to litigant, and no doubtful question of law involved are found in the record. Under these circumstances no case of "due cause" was shown, and no basis is given for the exercise of the trial judge's discretion. Upon this ground the plea is clearly well taken.

To better define the practice, we state what we deem to be the better practice in matters concerning an extension of time for filing an appeal. The applica-

tion should, if possible, be made within the ten-day period, and in writing. Where the opportunity is present, opposing counsel should be requested to stipulate that the order for the extension be granted, and if due cause exists, good professional practice requires that such stipulation be made. The trial judge should be notified of the existence of such stipulation. Where such notice is not given him, he will assume that opposing counsel have refused to so stipulate. Opposing counsel may, if they so desire, request the trial judge that they be heard upon such request for an extension, or they may submit forthwith, in writing, reasons for the refusal to grant the request. Whether the trial judge shall accord such hearing is within his discretion. His decision thereon should be communicated by him to the clerk and in writing, if possible. The same practice should be observed where the application for an extension is made after the ten-day period.

The statute, § 5820, merely requires the appeal to be made returnable to the term of this court next to be held after the filing of the appeal. Since the enactment of Chapter 112 of the Public Acts of 1905, it has not been necessary to specify in the appeal the particular term to which the appeal is returnable. The date of filing the appeal determines which is the next term of court, hence the specification of such term by name is a needless allegation. It follows that whether the term specified be the correct term or not, such an allegation may be disregarded, since it can have no effect upon determining to what term the appeal is taken. The statute fixes the only term to which the appeal can be taken, and the date of filing definitely fixes the term to which the appeal is taken.

In this case the appeal was filed March 28th, and if the appeal had been duly filed, the date of filing would

have fixed the term to which the appeal was returnable as the second Tuesday of April. The appeal filed specified that it was taken to the June term, but this could not change the term to which it was taken under the statute, immediately upon its filing, viz, the April term.

The plea is sustained and judgment for plaintiffs rendered thereon.