LUIGI MILARDO ET AL. *vs.* VINCENZO BRANCIFORTE ET AL.

First Judicial District, Hartford, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued October 2d—decided November 7th, 1928.

*Thomas C. Flood,* for the defendants, in support of the plea.

*Bernard A. Kosicki,* for the plaintiffs, in opposition to the plea.

PER CURIAM.  The appellees (defendants) plead in abatement because the appeal was taken more than ten days after the finding of facts was filed.  In the stipulation of facts it appears that on June 4th, three days after the ten-day period provided by rule for filing an appeal had expired, counsel for the appellants (plaintiffs) orally requested the judge presiding at the trial for permission to file his appeal and for an extension of time for filing the same.  The judge granted the request to file the appeal and said that he would grant the extension to June 5th provided the appellees did not object.  Counsel for appellants on June 4th, informed counsel for appellees that the trial judge had granted his request to file his appeal and counsel did not object to the filing of the appeal, but nothing was said by either counsel in relation to an extension of time.  Thereafter counsel for the appellants notified the proper clerk of the Superior Court of the statement of the trial judge and the clerk accepted the appeal filed by counsel for the appellants.

The procedure adopted by counsel and by the court was at variance with that expressly outlined in *La Croix* v. *Donovan,* 97 Conn. 414, 117 Atl. 1.  The granting of the request to file the appeal was the

equivalent of the granting of an extension of time for filing the appeal. The stipulation does not state that the granting of the request was conditional upon the consent of counsel for the defendants to an extension of the time. The grant was an unconditional one. Nothing appearing of record to the contrary, we must assume that the granting of the request to file the appeal was made for due cause. No notice was given counsel for the appellees of the application to the trial judge, but notice was given him of the granting of the request to file the appeal by the trial judge prior to the acceptance by the clerk of the appeal and counsel for the appellees did not object to its filing; consequently he must be deemed to have waived the irregularity in failing to notify him. The only question remaining is whether the trial judge had power to grant the request to file the appeal in the absence of notice of such request having been given counsel for the appellees. The matter was within the sound discretion of the trial court. *La Croix* v. *Donovan, supra,* at page 417.

At the most it was an irregularity which counsel for the appellees could waive. Since he made no objection to the filing of the appeal and took no action whatever until September 28th, nearly three months later, he must, in any event, be held to have waived the irregularity, especially in a proceeding so little favored as a plea in abatement.

The plea in abatement is overruled.