HUGH GLENN MACDONALD *vs.* SAMUEL S. NEWMAN
ET AL.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 6th—decided January 27th, 1931.

*Clayton L. Klein,* for the appellee (plaintiff).

*M. Joseph Blumenfeld,* for the appellant (defendant Cohen).

MALTBIE, C. J. It appears of record that on June 11th, 1930, the appellee recovered judgment against the appellant for $10,000 for personal injuries suffered by reason of the latter's alleged negligence in the operation of a motor vehicle. On June 20th, 1930, the appellant moved for an extension of time in which to file a draft-finding for the period of ten days beyond the two weeks allowed by the statute for filing a request for a finding, alleging as cause that the court stenographer

had been unable to furnish him with a transcript of the testimony, and on the next day this motion was granted. This brought the matter into the summer months, during which all proceedings to make or complete the record were suspended. General Statutes, 1918, § 5826. No request for a finding was filed, but by a motion filed on August 27th, 1930, the appellant sought an extension of time until September 3d, 1930, in which to take an appeal, alleging that any errors he desired to pursue did not require a finding and hence he wished to save the time, effort and money which would be required in making one and certifying the evidence which would be necessary if he took proceedings under the extension which had been granted him. This motion the trial court granted the same day. On September 3d, 1930, the appellant filed his appeal and it was allowed. On September 17th, 1930, the appellee filed a motion that an execution be ordered to issue, to which the appellant filed a reply. At first the trial judge denied this motion, but having permitted a reargument he granted it and also revoked the extension of time in which to take the appeal granted by him on August 27th.

In this court the appellee filed a motion to erase the appeal on the ground that the extension of the time in which to take it was granted without notice to him and without authority and that it had been revoked. A motion to erase is not "the proper method to take advantage of the failure of a party to seasonably appeal"; *Cramer* v. *Reeb*, 89 Conn. 667, 670, 96 Atl. 154; and the motion must be denied. The appellee also filed a plea in abatement in which he alleged the facts of record we have stated, that no hearing was had upon the motion to extend the time to appeal nor was counsel notified of it and that no cause was shown,

and also certain irrelevant facts which may be disregarded. To this plea the appellant has demurred.

In so far as the attempt of the trial court to revoke the extension of time to take the appeal is concerned, it is sufficient to point out that the appeal had been taken before that attempt was made, so that, at that time, the case had been removed to this court and any further proceedings with reference to the matter would of necessity have to be taken here. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 95, 43 Atl. 555. It is for this court to say whether or not the trial judge was in error in granting that extension. The plea alleges that the appellee had no notice of the motion, no hearing was had, and no cause was shown for granting it. In so far as a failure of notice and an opportunity to be heard is concerned, the statute concerning extensions of time to appeal does not require them in terms, but only that "due cause be shown." General Statutes, 1918, § 5823. Notice and hearing is not ordinarily necessary and failure to accord them can constitute error only where it amounts to an abuse of discretion. *Burke* v. *Wright*, 75 Conn. 641, 644, 55 Atl. 14; *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 699, 89 Atl. 909; *La Croix* v. *Donovan*, 97 Conn. 414, 417, 117 Atl. 1. In the instant case the reasons stated in the motion for the extension were such that a failure to give notice and a hearing upon them could not be regarded as an abuse of discretion. The allegation in the plea that no cause was shown, if standing by itself, would be admitted by the demurrer and conclusive of the matter. But that allegation must be read in the light of the facts of record. Under the extension of time to file a draft-finding, the appellant had the right to file a request for a finding at any time before September 1st. If that were done the trial court would have been compelled to make and file its

finding, but the appellant might then have entirely abandoned the taking of an appeal based upon it and taken one, as he did, for errors apparent upon the record. *Sparrow* v. *Bromage*, 83 Conn. 27, 30, 74 Atl. 1070. The avoidance of the expense, effort and time involved in the pursuit of such an abortive proceeding in order to enable an appeal to be taken was ample cause for permitting one based only upon matters of record, to be filed within three days after the period within which the appellant might have made a request for a finding.

The motion to erase is denied and the demurrer to the plea in abatement is sustained.

In this opinion the other judges concurred.