GENNARO DELUCIA *v.* HOME OWNERS' LOAN CORPORATION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1943—decided January 13, 1944.

*William J. McKenna* and *Anthony A. E. DeLucia,* for the appellant (plaintiff).

*Maurice J. Buckley,* for the appellee (defendant).

MALTBIE, C. J. This is an action brought to the Town Court of Hamden in which the plaintiff seeks to recover a commission as a real estate broker. On February 3, 1942, the trial court filed a memorandum of decision finding the issues for the defendant. Two days later the plaintiff filed a motion for a reargument of the case. This was denied by the trial court on June 21, 1943. On July 3, 1943, the plaintiff filed a

notice of intention to appeal. On September 4 following, he made a written motion for an extension of time until September 15, 1943, in which to file an appeal and a request for a finding and a draft finding. This was granted by the judge who had heard and decided the case but who, on June 30, 1943, had ceased to hold office as a judge of the court. On September 15 the plaintiff filed an appeal and a request for a finding and a draft finding. On November 1 the defendant filed a plea in abatement, and thereafter the plaintiff filed a motion to erase the plea and a demurrer to it.

The motion to erase the plea is based on the grounds that, as no assignments of error had been filed, the appeal was not pending in this court, that this court was not in session when the plea was filed and that the attorney for the defendant was entered as appearing generally and not "specially" for the purpose of pleading in abatement. None of these grounds is sound. An appeal is not entered upon the formal docket of this court until assignments of error are filed; Practice Book, § 375; but it is pending in this court from the time the appeal is taken. *MacDonald* v. *Newman*, 112 Conn. 596, 598, 153 Atl. 296. Pleas in abatement and like papers are filed with the clerk of this court; Practice Book, § 397; they then come before the court for hearing at a subsequent time when the court is in session; but it is not necessary that this court be in session when they are filed. Such defects in appeal proceedings as are the basis of the plea are not waived because the appearance of counsel in this court is entered as a general and not a special one. *In re Application of the Shelton St. Ry. Co.*, 70 Conn. 329, 330, 39 Atl. 446.

The demurrer to the plea attacks it on various grounds, some of which are addressed to formal defects. Only two of these require mention: that the

plea failed to negative the possibility that the judge who heard the case had granted an extension of time before he ceased to hold office; and that the plea failed to point out what steps the plaintiff should have taken to have properly perfected his appeal. The first objection is obviated by the fact that the plea recites the various entries upon the docket of the trial court of proceedings taken after the judgment was rendered. The second objection is based upon the requirement of the Practice Act that a plea in abatement shall state "how the plaintiff might, or should, have brought his action in order to avoid them [the defects relied on], if they are such as could have been avoided." General Statutes, § 5506. This is a rule for the control of procedure in the trial court, but by analogy the practice it specifies has in general been followed in this court. Conn. App. Proc., § 151. Where, however, the rules definitely prescribe the method which should have been followed to avoid the defect of which complaint is made, and no extraneous facts could alter the application of those rules, to hold a plea defective because it fails specifically to state the procedure which should have been followed would be to give effect to a pure technicality; and that we are not disposed to do.

While the last ground of abatement pleaded is determinative of the plaintiff's right to maintain his appeal, we briefly discuss the other grounds alleged in the interest of correct practice. The filing of a motion to open the judgment, for a rehearing and the like, impliedly extends the time for filing the appeal until the motion is decided, provided it is filed within the time allowed for taking the appeal. *Daland's Application,* 81 Conn. 249, 70 Atl. 449; *Peerless Soda Fountain Service Co.* v. *Savin,* 117 Conn. 1, 2, note, 166 Atl. 386; *Palmer* v. *Reeves,* 120 Conn. 405, 407, note, 182

Atl. 138; *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 607, note, 198 Atl. 259; Conn. App. Proc. § 67. The denial of the motion on June 21, 1943, brought the time for taking the appeal into the summer months, and as September 5 was a Sunday, it might have been filed as late as September 6. Practice Book, § 368. The motion for an extension of time was therefore filed within the time allowed by the rules for taking the appeal. The period from June 21 until September 6 would seem to have been ample time for plaintiff's counsel to prepare the appeal papers, and the claim for an extension of time, based as it was upon the fact he had been busy and unable "to have continuous stenographical and secretarial service," should not have commended itself to the trial court. The extension granted, however, allowed only nine additional days, and, in *La Croix* v. *Donovan,* 97 Conn. 414, 417, 117 Atl. 1, where we discussed the grounds upon which a motion for an extension might properly be granted, we said, "So, too, any other situation making it a real hardship upon the litigant to suffer through the failure of his counsel to act seasonably, might furnish 'due cause'. . . ." We would hesitate to hold that the judge abused his discretion in granting the motion.

The final ground of abatement pleaded was that the extension of time to file the appeal was granted by the trial judge who heard the case after he had ceased to hold office. The plaintiff invokes § 5698 of the General Statutes, amended in a respect not material to the issue before us by § 841f of the Cumulative Supplement of 1941. Section 5698 provides that any judge of the Superior Court, Court of Common Pleas "or of any city court may, after ceasing to hold office as such judge, settle and dispose of all matters relating to appeal cases . . . as if he were still such judge." This

statute was a section of the act of 1929 in which the statutes concerning appeals to this court were revised and simplified, and it may well be that city courts were the only municipal courts mentioned in it because they were the only municipal courts from which appeals to this court were then allowed. Public Acts 1929, Chap. 301, §§ 1, 10. However that may be, the statute in terms refers only to city courts, and not to town courts, and hence does not apply in the case before us. Aside from statutory authority we have held that, as the making of a finding for an appeal is a clerical act, one might properly be made by a judge who, after hearing and deciding a case, has ceased to hold office; *Todd* v. *Bradley,* 97 Conn. 563, 567, 117 Atl. 808; but in that case we said (p. 568) : "Whether, as the appellant claims, some of the acts which the judge may be called upon to decide in the progress of an appeal are not judicial acts, is not the question before us."

Our rules provide that the time allowed in them for taking an appeal or for filing a request for a finding and a draft finding may be extended "for good cause shown." Practice Book, § 335, as amended, § 342. The granting of an extension requires a determination whether good cause exists as a basis for the exercise of a judicial discretion. *La Croix* v. *Donovan,* supra; *Connecticut Mortgage & Title Guaranty Co.* v. *Di-Francesco,* 112 Conn. 673, 674, 151 Atl. 491. Such a determination is clearly a judicial and not a clerical act. The case in our reports most nearly like the one before us is *Griffing* v. *Danbury,* 41 Conn. 96. In that case a motion for a new trial had been made; this was then the ordinary way of bringing cases before this court for review, but whether or not the motion should be allowed rested in the discretion of the trial court; the judge who had heard the case had resigned and the

papers necessary for the preparation and allowance of the motion were submitted to him only a few hours before his resignation took effect, at midnight of a Saturday; he was unable to examine them and allow the motion that day; he did allow it on the following Monday; but this court unanimously decided that he had no power to do so on that day. See *Johnson* v. *Higgins*, 53 Conn. 236, 238, 1 Atl. 616. In the present case, the trial judge lacked power to make the order granting the extension and his act in so doing was void. It may be that, regardless of the late filing of the request for a finding and draft finding, the judge could, if he saw fit, make a finding; *Bulkeley's Appeal*, 76 Conn. 454, 456, 57 Atl. 112; but, even if he did this, the plea in abatement on the ground that the appeal was filed too late would still be well taken.

The motion to erase the plea in abatement is denied, the demurrer to the plea is overruled, and the plea is sustained.

In this opinion the other judges concurred.