STATE EX REL. ABRAHAM H. BASKIN *v.* CHARLES J. BARTLETT ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 5—decided March 6, 1946.

*Harry L. Brooks,* for the appellants (defendants).

*M. J. Blumenfeld,* for the appellee (plaintiff).

PER CURIAM. The rule governing the time within which an appeal to this court must be taken, so far as applicable to this case, begins with a requirement that it be filed "within two weeks from the issuance of notice of the rendition of the judgment." Practice Book, § 335. Previous to an amendment adopted in 1943, the rule contained a provision under which, for good cause shown, an extension might be granted; there was no limitation as to the time within which such an order might be made; and we had held that such extensions might be made after the time for taking the appeal had expired. *General Hospital Society* v. *New Haven Rendering Co.,* 79 Conn. 581, 582, note, 65 Atl. 1065; *Rossi* v. *Jackson Co.,* 120 Conn. 456, 463, 181 Atl. 539. The result was that the prevailing party in the trial court was left in much uncertainty as to the time when he could regard the litigation as finally settled by the judgment of the trial court. To remedy this situation, the rule was amended into its present form, with its requirement that an application for an extension must be filed within the two weeks primarily allowed for taking the appeal or, if a previous extension has been granted, before that has expired. This does not unduly restrict the right of appeal because if for any reason the losing party desires a longer period in which to decide upon the course he wishes to take, or it is not feasible for counsel to determine within the two-week period whether or not to file an appeal, an extension can be requested.

The plea in abatement in this case was filed on January 18, 1946, and it stated three grounds, only two of which we need consider. These were that "the appeal was not filed within the time limited by law" and that "no application for an extension of time was filed within the time limited for filing such appeal." On January 22, 1946, the defendants demurred to the plea on several grounds which in effect were that the plea was defective because it failed to allege facts to support its allegations—in particular, the dates when the appeal and motion for extension were filed—and because it did not allege the time within which the appeal or motion should have been filed. The plaintiff, on January 26, 1946, filed an amendment to the plea. The defendants promptly made a motion to strike out the plea in abatement and the amendment to it on the ground that no permission to file the latter had been granted and the plea as amended was filed too late.

No rule of this court governs the filing of amendments to pleas in abatement, but in general the practice of the trial court as to such pleas is followed. *DeLucia* v. *Home Owners' Loan Corporation*, 130 Conn. 467, 470, 35 Atl. (2d) 868. In *Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn. 428, 431, 47 Atl. 763, we stated that, in analogy to that practice, amendments could be filed as of right on or before the beginning of the second term of court following the filing of the plea. The amendment in this case was filed within that time. The original plea was concededly filed within ten days after the matter alleged as its ground arose, and so complied with the requirements of the rules; Practice Book, § 393; and the amendment would not change that controlling date, but would relate back to it. *Reilly* v. *Pepe Co.*, 108 Conn. 436, 445, 143 Atl. 568; *Onofrio* v. *Cirusuolo*, 109 Conn.

521, 524, 147 Atl. 36. The motion to strike out the amendment and the plea as amended is denied.

The plea as amended alleges that notice of the rendition of the judgment was issued on December 19, 1945, that no appeal was filed until January 10, 1946, and that application for an extension of time in which to appeal was filed on January 12, 1946. These allegations show a failure to meet the requirement of the rule that either an appeal or a motion for an extension of time in which to appeal must be filed within two weeks after notice of the rendition of the judgment. If we consider that the demurrer is in effect addressed to the amended plea in abatement, as the parties treated it in argument before us, it patently fails in so far as it rests upon the ground that the allegations of the plea as amended are insufficient to show a failure to meet the requirements of the rule. The further ground of demurrer, that the plea does not state what steps the defendants should have taken to avoid the defect, is answered in *DeLucia* v. *Home Owners' Loan Corporation,* supra: "Where, however, the rules definitely prescribe the method which should have been followed to avoid the defect of which complaint is made, and no extraneous facts could alter the application of those rules, to hold a plea defective because it fails specifically to state the procedure which should have been followed would be to give effect to a pure technicality; and that we are not disposed to do."

The allegations of the amended plea afford sufficient ground for the abatement of the appeal. The docket entries in the trial court show that judgment was rendered on December 19, 1945; that the motion for an extension of time was not filed until January 12, 1946; and that the appeal was filed, not on January 10, as alleged, but on January 14, 1946. These entries are conclusive in this proceeding; *Verzier* v. *Convard,* 75

Conn. 1, 4, 52 Atl. 255; *Clark* v. *Sykes Co.*, 90 Conn. 553, 554, 97 Atl. 853; and it would serve no purpose to permit the defendants to plead over as to them. The record in the trial court contains no entry of the day when notice of the judgment was given; it may be presumed that the clerk complied with the requirement of the statute that he "forthwith" notify counsel of the rendition of the judgment; General Statutes, § 5420; *Brown* v. *New Haven Taxicab Co.*, 93 Conn. 251, 258, 105 Atl. 706; but that is a rebuttable presumption; and the defendants are entitled to raise an issue of fact as to the time when notice of the judgment was in fact issued.

Unless within two weeks after the clerk of this court gives notice to defendants' counsel of this decision an answer to the plea is filed, judgment shall be entered sustaining the plea; if such an answer is filed, any issue so presented shall be proceeded with in due course.