ALL TIME MANUFACTURING COMPANY, INC. *v.* DAVID VAN STEENBURGH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-611-62M

Argued April 17—decided September 6, 1961

*Frank A. Piccolo,* of New Haven, for the appellant (defendant).

*Arnold Markle,* of New Haven, for the appellee (plaintiff).

TUNICK, J.   The plaintiff has filed a motion to dismiss the defendant's appeal on the grounds that (1) the defendant has failed to file an assignment of errors within the time allowed, without an extension of time for filing having been requested or obtained by him, and (2) he has failed to prosecute his appeal with proper diligence.

On January 25, 1961, the defendant filed an appeal from a judgment rendered against him on January 12, 1961, after trial to the court.   Upon the defendant's request, the court filed its finding of facts on March 7, 1961.   On March 22, 1961, the fifteenth day after the filing of the finding, the plaintiff filed the present motion to dismiss the appeal.

The second ground of the motion, to dismiss for failure to prosecute with proper diligence, is addressed to the court's discretion.   Circuit Court Rule 7.27.1 requires that the assignment of errors be filed "within two weeks from the date . . . the finding is filed."   Failure to file by one day, as indicated from the filing of the motion on the fifteenth day after the filing of the finding, does not constitute such unconscionable or inexcusable delay as to jus-

tify a dismissal of the appeal for failure to prosecute. The motion on that ground is denied.

The first ground of the motion assigns failure to file the assignment of errors within two weeks after the finding. Under our appellate procedure, the rules pertaining to a motion to dismiss, both under § 436A of the Practice Book and Circuit Court Rule 7.37.1, do not distinguish between the various grounds for discontinuance of appeals which formerly were presented by a plea in abatement or motion to erase as well as by a motion to dismiss. Since, under former rules of practice, objections could be taken to the first ground assigned in the motion by plea in abatement, we deem it appropriate in this case to consider applicable, so far as possible, the rules governing pleas in abatement, as laid down by the Supreme Court of Errors. The cases indicate uniformly that a plea in abatement is not favored because, among other reasons, it tends to exalt technicalities over substance. See such cases as *New York, N.H. & H.R. Co.* v. *Illy,* 79 Conn. 526, 529; *Miller* v. *Cross,* 73 Conn. 538, 542; *Budd* v. *Meriden Electric R. Co.,* 69 Conn. 272, 283; *Milardo* v. *Branciforte,* 108 Conn. 451, 453; *Hart* v. *Farchau,* 83 Conn. 316.

The entries on the court docket conclusively establish the fact that the defendant had failed to file an assignment of errors within the period of two weeks (Circuit Court Rule 7.27.1) from the date of filing of the court's finding. See *State ex rel. Baskin* v. *Bartlett,* 132 Conn. 623, 626; *Clark* v. *Sykes Co.,* 90 Conn. 553; *Verzier* v. *Convard,* 75 Conn. 1. While the cases cited hold that the clerk's record is presumed to be correct, a record that a certain paper was mailed or delivered will nevertheless permit proof that it was not received, in the same manner as offered by the appellant in the present case, who, notwithstanding an entry in the record indi-

cating a delivery of the finding to counsel, claims that he did not receive notice of the filing of the finding.

Although no evidence was offered by either party on the issue of fact thus created, we did receive uncontradicted statements of counsel for the appellant, which we have no reason to doubt and therefore accept, that he did not receive the finding. If such is the fact, Circuit Court Rule 7.27.1 would seem to be inapplicable in a strictly literal sense; for we could not expect the appellant to do the impossible, that is, to regard the period of limitations as running when he had no knowledge whether it had begun to run. Thus, unless an appellant receives notice in time for him to make application for an extension of time for filing under Circuit Court Rule 7.7.1, the limitation in Rule 7.27.1 is inapplicable.

It should be noted, however, that the plaintiff is entirely without fault and has in no manner contributed to the substantial delay which has been occasioned. Although the rules indicate a purpose to permit an appellant to take full advantage of his rights on appeal and allow a liberal interpretation (Practice Book § 471; Cir. Ct. Rule 7.51.1), a coordinate purpose is to assure that the appeal is perfected as soon as possible and without unconscionable delay. *Schuhmacher* v. *Peck,* 139 Conn. 426, 428.

Accordingly, judgment shall be entered dismissing the appeal unless, within two weeks after the clerk of this court gives notice to the defendant's counsel of this decision, the defendant files his assignment of errors.

In this opinion RUBINOW, Chief Judge, and KOSICKI, J., concurred.