[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ABATE PROCEEDINGS
The plaintiffs in the first group of the above mentioned cases, Rosalie Benny Zanoni and Paul Zanoni, husband and wife, have appealed various decisions[1] of the defendant Karen Renzulli Lynch, Administratrix of the Estate of Helen A. Benny. As noted by the court, Hennessey, J., in ruling on a prior motion for summary judgment in CV95-0546174,
 For purposes of [these] appeal[s] from probate, the facts are taken from the will of Helen A. Benny, the December 8, 1993 decree of the Probate Court and the December 27, 1994 decree of the Probate Court. On August 7, 1989, Helen A. Benny, the mother of the plaintiff, Rosalie Benny Zanoni, died. In her will dated August 31, 1965, Helen Benny devised real property located at 55 Highland Street, Wethersfield and 21 Brightwater Road, Old Lyme to Rosalie Benny. The will further provides that all testamentary expenses and inheritance, succession, legacy and transfer taxes be paid out of the residue of the estate. On August 25, 1994, Rosalie Benny Zanoni deeded the property located at Brightwater Road to the plaintiff, Paul Zanoni. The plaintiffs, Rosalie Benny Zanoni and Paul Zanoni, presently reside at 55 Highland Street, Wethersfield. CT Page 4078
 On December 8, 1993, the Probate Court in the District of Newington ordered that "[t]he two parcels of real property [located at 21 Brightwater Road, Old Lyme and 55 Highland Street, Wethersfield] . . . specifically devised to Rosalie Benny Zanoni under the will of Helen A. Benny [be] subject to the right of the fiduciary to petition the court for their sale to meet the obligations of the estate for taxes, debts and expenses." On December 27, 1994, the Probate Court found that "[t]here are outstanding claims against the estate [of Helen Benny] . . . but there is no liquidity in the estate to even begin to pay expenses in the priority regard."
The Wethersfield property was appraised at $175,000 and the Old Lyme property at $160,000 or a total of $335,000. There are however claims of approximately $400,000, including administratrix fees, attorneys' fees, judgments[2] and other miscellaneous claims for funeral expenses and probate fees.
The probate court instructed the administratrix to investigate alternative ways to raise monies to pay these expenses but having been unable to do so, the probate court authorized the administratrix to sell the properties. The plaintiffs have challenged that finding together with numerous other decisions. The plaintiffs strenuously argue that under our common law, title to the two properties passed to Rosalie Benny Zanoni at her mother's death and that any actions of the probate court or the administratrix which affect the properties is unlawful. In her October 26, 1995 ruling concerning these issues, Judge Hennessey found that the "estate would be considered insolvent or solvent with no real assets other than the specifically devised property" and therefore denied the plaintiff's motion for summary judgment and granted the administrator's cross-motion to commence the sale.
After a number of these cases were consolidated, the defendant administratrix filed an application on October 8, 1996 to abate the proceedings pursuant to C.G.S. § 45a-382. The statute states:
Except as provided by section 45a-380, no suit shall be CT Page 4079 brought against the fiduciary of an estate in course of settlement as insolvent. If judgment has been rendered against such fiduciary before the commencement of its settlement as an insolvent estate, execution shall not issue, but the creditor may present his judgment to the fiduciary and receive his proportionate share of the estate with the other creditors. If judgment has not been rendered, any pending suit shall abate and the creditor shall submit his claim to the fiduciary and may request that costs incurred in connection with the suit up to the date of abatement be added to the claim.
As the probate court had held a hearing on the insolvency issue on September 4, 1986 but had not yet issued its ruling, this court stayed any action until that court had ruled. Obviously, the probate court was required to make that determination in the first instance. See, General Statutes § 45a-376; Snaider v. Cooper, Superior Court, judicial district of New Haven at New Haven, Docket No. 325240, 1992 W.L. 360604. On October 17, 1996, that court determined that the estate was insolvent and ordered all claims to be filed by April 7, 1997.
The last sentence of the statute states, in part, that if judgment has not been rendered any suit shall abate. Ballantine's Law Dictionary, Third Edition, defines "abate" as "to quash or to destroy." The phrase abatement of action is defined:
 A suit of law, when it abates . . . is absolutely dead; any further enforcement of the cause of action necessitates the bringing of a new action. But in courts of equity and also in some law courts proceeding under modern practice statutes or rules, an abatement signifies only a present suspension of all proceedings in the suit. . . .
Ballantine's further states: "Abatement and stay of proceedings are in some respects similar, but are not identical; to abate a suit is to put an end to it, at least for the time."
Until 1978, our practice rules recognized the plea of abatement to contest jurisdiction. See General Statutes § 52-124; P.B. § 93 (1963 edition). While the pleas were not favored, Milardo v. Branciforte, 108 Conn. 451, 453 (1928), CT Page 4080 they were used to quash a writ. Case v. Humphrey,6 Conn. 130, 140 (1826). The plea of abatement was utilized when the facts relied upon were not part of the record. Carpenter v.Planning Zoning Commission of Town of Stonington,176 Conn. 581, 587 (1979). The use of the plea to attack and quash actions on technical grounds ultimately led, in part, to the passage of our survival statutes, including but not limited to, General Statutes §§ 52-123; 52-592; 52-599-603.
In promulgating section 45a-382, the legislature devised a method to preserve an estate's assets rather than allow the resources to be squandered in defense costs and thus, all suits would wait until final action by the probate court. The present cases illustrate just this problem. As noted above, a major portion of the claims against the estate result from costs defending these suits.
Except for the decision of whether these suits should end or simply be stayed, there is nothing ambiguous about the statute. At this juncture, however, this court can see no reason why the pending suits should be dismissed. That would inevitably be self-defeating. In the event the suits were refiled, it would surely result in a duplication of efforts and a further depletion of assets to start the process anew. The better course is to utilize the modern meaning of the term abate and stay these actions. Accordingly, no further action will take place on any of these pending suits until the estate is fully probated. While it seems probable that the plaintiffs will renew their claims,[3] the cases, at least those that have issues extant, could then proceed to trial.[4]
It is the order of this court, that all pending cases brought by these plaintiffs and the plaintiff Patricia Cross are stayed until final determination by the probate court.
Berger, J.