MAY WALSH *v.* MRS. WALTER LAFFEN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 3—decided October 18, 1944.

*John E. McNerney* and *Francis J. Moran,* for the appellees (defendants).

*Maxwell H. Goldstein,* for the appellant (plaintiff).

PER CURIAM. The plaintiff appellant, after a finding had been filed, did not file her assignments of error within the period allowed by § 341 of the Practice Book, but, instead, filed within that period a motion asking for an extension of time. The motion gives as the reason, that plaintiff's counsel had engagements making it impossible to give attention to the matter for at least thirty days. The copy of this motion mailed to the trial judge for some reason did not reach him, and when, after the period allowed for filing the

assignments had passed, it was brought to his attention, he denied the motion, because in his judgment the reason given did not constitute "good cause" within the provision in § 341 of the Practice Book concerning extensions. The plaintiff nevertheless sent the clerk assignments of error, which the trial judge indorsed: "Seen. Late filing not approved." The defendant then filed with the clerk of this court a plea in abatement on the ground that no assignments of error had been filed within the period allowed by the rule and no extension of time granted. Plaintiff on the same day made in the trial court a motion that it order the clerk to accept the assignments, stating several grounds as justification for such action. The trial court denied the motion made to it, on the ground that, as a plea in abatement to the appeal had been filed in this court, it doubted its power to act. Thereafter the plaintiff filed a motion to this court that it direct the clerk of the trial court to accept the assignments of error.

The amount involved in this action is small and the issues upon the appeal, as appears from the assignments attempted to be filed, are based on an effort to secure such changes in the finding as would make erroneous the trial court's decision. The trial court could reasonably find that the reason given in the motion for an extension of time in which to file assignments of error did not constitute "good cause" within the provisions of § 341 concerning granting of extensions. *La Croix* v. *Donovan,* 97 Conn. 414, 417, 117 Atl. 1. However, its final decision refusing to order the clerk to accept the assignments was not placed upon that ground but upon its doubt as to its power to permit the filing of the assignments after the plea in abatement had been filed in this court. If it was wrong in that conclusion, its ruling denying the motion could

not be supported. *Dunnett* v. *Thornton,* 73 Conn. 1, 17, 46 Atl. 158. The taking of an appeal transfers jurisdiction to this court for certain purposes but it remains for the trial court to perform many functions vested in it by our rules for the perfection of the appeal. One of these functions is to grant to the parties extensions of time in which to file papers necessary for the submission of the case to this court. This function remains although the appeal is pending in this court, and the fact that a plea in abatement based upon the failure to file a certain paper is before this court does not, before it is decided, prevent the trial court from acting upon such a motion. Permitting a paper to be filed late is equivalent to granting a motion for an extension of time in which to file it. The trial court was in error in denying the motion to direct the clerk to accept the assignments of error on the ground that it doubted its power to make the order. That does not mean, however, that we can grant the motion made to us to order the clerk to accept them; and it certainly does not mean that we must sustain the plea in abatement.

The motion to us for an order to the clerk of the trial court to accept the assignments of error is denied. No decision will at present be made on the plea in abatement. If the plaintiff makes a motion in the trial court for permission to file its assignments of error within two weeks from the filing of this memorandum, then action on the plea will be postponed until the trial court has ruled on that motion and its action has been duly certified to the clerk of this court; if permission to file the assignments of error is granted, the plea will be overruled, but if it is denied the plea will be sustained; if the plaintiff makes no such motion, the clerk of the trial court will so

certify to the clerk of this court and the plea will be sustained.