MARIANNE B. SCHUHMACHER, ADMINISTRATRIX
(ESTATE OF AUGUST SCHUHMACHER) *v.*
WILBUR M. PECK ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued January 8—decided January 22, 1953

*Halford W. Park, Jr.*, for the appellees (defendants).

*David R. Lessler*, for the appellant (plaintiff).

JENNINGS, J. On March 8, 1951, a verdict for the defendants was directed in the above-captioned case. The plaintiff's motion to set aside this verdict was denied May 15, 1952. After two extensions of time had been granted the plaintiff, her appeal and assignment of error were filed July 24, 1952. This assignment attacks the denial of the motion to set aside the verdict. No transcript of evidence has been filed, nor has any extension of time for filing it been requested. The record was mailed to trial counsel on October 16, 1952. Counsel who represents the plaintiff on the appeal entered his appearance on December 23, 1952. On the same day the plaintiff, through appellate counsel, filed a request for an extension of time to February 1, 1953, within which to file her brief and appendix. This application was granted December 24, 1952. The defendants' consent was not indorsed thereon.

The defendants have attacked the plaintiff's right to pursue her appeal by filing a motion to vacate the order extending her time to file her brief and appendix and, if this motion is granted, by a motion to dismiss the appeal.

Practice Book, § 413, provides for extensions of time "for filing any paper or taking any other steps necessary to perfect the appeal, except as otherwise provided in these rules." A first exception provides that no motion for an extension shall be granted for five days after it is filed unless the adverse party has indorsed his consent thereon. A second exception, contained in § 451, requires that the appellant shall file his brief and appendix, if any, within thirty days after the mailing of the printed record. It also provides for an extension of time under § 413 for the filing of briefs, "provided the application is made before the expiration of the respective times herein provided or of any previous extension that has been granted."

A comparison of the dates recited above with the provisions of the rules cited shows that neither of the exceptions stated was complied with. It may also be noted that the plaintiff failed to file a transcript of evidence with her assignment of error as required by § 404 of the Practice Book. The rules, particularly those dealing with extensions of time, indicate a purpose to permit an appellant to take full advantage of his rights on appeal. A co-ordinate purpose is to see that the required steps be taken within a reasonable time so that the appeal may be perfected as soon as possible. One of the most frequent criticisms of the new rules which has come to our notice is directed to the ten weeks allowed for the filing of briefs after the receipt of the record. Practice Book § 451. If in addition thereto exten-

sions of time are granted improvidently, appeals will be unconscionably delayed. The liberal construction of the limitation in § 413 that extensions shall only be granted "for good cause shown" is well understood and taken advantage of, as is the unwillingness of counsel to profit by the negligence of opposing parties.

No good reason appears or has been suggested why the plaintiff should be permitted to pursue her appeal. For the reasons stated both motions should be granted.

The motion to vacate and the motion to dismiss are granted.

In this opinion the other judges concurred.