LUCY H. LOOMIS ET AL. *v.* ZONING COMMISSION OF THE TOWN OF EAST HARTFORD ET AL.

LORRAINE PIERCE *v.* PHILIP G. PIERCE

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued June 4—decided June 24, 1957

*William P. Aspell,* for the appellees (plaintiffs) in the first case.

*Louis B. Warren,* corporation counsel, for the appellant (named defendant) in the first case.

*A. Robert Gordon,* for the appellee (plaintiff) in the second case.

*James N. Egan,* for the appellant (defendant) in the second case.

PER CURIAM. The plaintiffs in these two cases have moved for the dismissal of the defendants' appeals because of their delay in filing briefs. In the first case, the named defendant's brief became overdue on March 4, 1957, and the motion to dismiss was filed on May 1, 1957. In the second case, the defendant's brief became overdue on November 19, 1956, and the motion to dismiss was filed on May 9, 1957. In neither case was an extension of time for filing briefs obtained. In the first case, the failure to file the brief when due or thereafter is treated in the motion as a ground for dismissing the appeal "for failure to prosecute the same." In the second case, the motion asserts as the reasons for dismissing the appeal that the defendant failed to comply with the rule regarding the filing of briefs and that he "failed to prosecute his appeal with proper diligence." In each case a claim of lack of proper diligence in prosecuting the appeal is made and the claimed lack of proper diligence consists of the delay in filing briefs. The excuse for the delay in the first case is that the named defendant's counsel as a

member of the legislature was so busy that he could not properly attend to other matters. The excuse in the second case is that the negotiations for a settlement seemed so close to a successful conclusion that the preparation of the brief was delayed.

The rules of appellate procedure (Practice Book § 436) contemplate that an appeal may be dismissed for, among other reasons, "failure to file papers within the time allowed, failure to prosecute with proper diligence," and lack of jurisdiction. Under the rule cited, a motion based on failure to file papers on time must be filed within ten days after the ground for dismissal arose, but a motion based on failure to prosecute with proper diligence or on lack of jurisdiction may be filed at any time. If we are to assume, as we do, that briefs are "papers" within the rule regarding dismissal for failure to file papers on time, we are presented with the following problem: Can a delay in filing briefs, involving as it does a "failure to file papers on time," constitute a "failure to prosecute with proper diligence"? If it can, then we may consider the present motions on their merits. If it cannot, then it would be necessary to deny the motions because of the failure to file them within ten days after the briefs became overdue. See Maltbie, Conn. App. Proc. (2d Ed.) § 275.

From a study of the genesis of the rule under discussion and of the cases decided under it and its predecessors, the following rationale becomes apparent: When there has been a technical failure in the procedure of taking the appeal and bringing it to a conclusion, such as a failure to file papers on time, the appeal may become voidable and be vulnerable to a motion to dismiss seasonably made. Where the defect goes to the jurisdiction of the court to entertain the appeal, it may be defeated on motion made

at any time. Furthermore, if the defect, although not jurisdictional in nature, is not merely technical but amounts to a continuing and inexcusable course of conduct unduly prolonging the period before the appeal can be heard, then also the appeal can be defeated on motion made at any time. In such a situation, it would be inappropriate to place a time limit on the filing of the motion to dismiss, since the default does not arise on a single date but consists of a continuing course of conduct. Where a timely motion to dismiss is based merely on the failure to file papers on time, the court has only to decide whether as a fact there was a failure to file papers within the time limited by the rules. But a motion to dismiss for failure to prosecute with proper diligence is addressed to the court's discretion. The court must analyze the entire course of conduct and determine whether, under the circumstances, any good reason appears why the appellant should be permitted further to pursue his appeal. See *Schuhmacher* v. *Peck,* 139 Conn. 426, 429, 94 A.2d 615. The course of conduct contemplated by the phrase "failure to prosecute with proper diligence" can, and usually does, consist of delay in filing papers. See Maltbie, Conn. App. Proc. (2d Ed.) § 276.

We conclude that both motions are properly before us as motions to dismiss for failure to prosecute with proper diligence. In the first case, *Loomis* v. *Zoning Commission,* the circumstances are such that the named defendant should be given an opportunity to make good its default. The motion in that case should be granted nisi. In the second case, *Pierce* v. *Pierce,* the delay has been so great and the excuse for it so tenuous that no good reason appears why the defendant should be allowed further to pursue his appeal.

In *Loomis* v. *Zoning Commission* judgment shall be entered dismissing the appeal unless, within three weeks after the clerk of this court gives notice to the named defendant's counsel of this decision, that defendant files its brief.

In *Pierce* v. *Pierce* judgment shall enter dismissing the appeal.