## CELIA TAMARIT ET AL. *v.* JOSEPH OTTOLINI ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 7—decided October 28, 1958

*Thomas J. Hagarty,* for the appellees (plaintiffs).

*Snow G. Munford,* for the appellant (named defendant).

BALDWIN, J. The named defendant filed an appeal on April 2, 1957, and, extensions of time having been requested and granted by the court, a request for a finding and a draft finding on September 6, 1957. On January 22, 1958, he withdrew these and filed an assignment of errors. The record was mailed to counsel on June 24, 1958, but the named defendant, hereinafter called the defendant, did not file his brief until September 10, 1958, seventy-eight days after the record had been mailed.

On September 19, 1958, the plaintiffs filed a motion to dismiss the appeal, alleging that the defendant had failed (1) to file his brief within the thirty days prescribed by Practice Book § 451, and (2) to prosecute his appeal with proper diligence. Practice Book § 436. We shall consider first the allegation that the defendant failed to file his brief within the time prescribed. The defendant concedes that the brief was not filed until more than thirty days after the record had been mailed to counsel, but he claims that the time prescribed by Practice Book § 451 was suspended during the months of July and August by virtue of the provisions of Practice Book § 414. The first issue of law presented by the motion is whether the provisions of § 414 suspend the running of the time prescribed in § 451 for the filing of an appellant's brief. Section 451 requires an appellant to file his brief with the clerk "[w]ithin thirty days after the mailing of the printed record to counsel." It further provides that the trial judge or the trial court "may extend, under Sec. 413, the

time for filing briefs, provided the application is made before the expiration" of the time specified. Section 414 states that "all limitations of time as regards proceedings to make or complete the record in any case where an appeal has been taken shall be suspended during July and August." Sec. 413 states that the trial judge or the court "may, for good cause shown, extend the time provided for filing any paper or taking any other steps necessary to perfect the appeal, except as otherwise provided in these rules." The resolution of the issue, then, depends upon whether under § 414 the filing of a brief is a proceeding "to make or complete the record." From a reading of Practice Book §§ 420-426, relative to the preparation of the record, and Practice Book §§ 445-451, relative to the requirements of a brief, it is manifest that under the rules briefs are not considered to be a part of the record. The distinction between the record and the briefs is further brought out by the opening sentence of § 451, which states: "Within thirty days after the mailing of the printed record to counsel, the appellant shall file with the clerk of the court who prepared the record fifteen copies of his brief and appendix, if any." We conclude, therefore, that the time stated in § 451 for the filing of briefs is not suspended by the operation of § 414, which pertains only to the proceedings necessary to the preparation of the record, and that the defendant did not file his brief within the time prescribed by § 451.

The second issue of law raised by the motion is whether the appeal should be dismissed for failure of the defendant to file his brief within the thirty days prescribed by Practice Book § 451, as we have herein interpreted it. The motion to dismiss was filed on September 19, 1958. Practice Book § 436

states, inter alia: "Any claim that an appeal . . . should be . . . dismissed, . . . [for] failure to file papers within the time allowed . . . shall be made by a motion to dismiss the appeal . . . . Any such motion must be filed . . . within ten days after the filing of the appeal . . . , or if the ground alleged subsequently occurs, within ten days after it has arisen . . . ." In the instant case the time for filing the defendant's brief expired on July 24, 1958. Under § 436 the time for filing a motion to dismiss the appeal for failure to file the brief expired on August 4, 1958. Consequently, the plaintiffs' motion to dismiss for failure to file the brief on time came too late, since it was filed on September 19, 1958. Accordingly, the motion is denied as it pertains to this ground. *Loomis* v. *Zoning Commission,* 144 Conn. 743, 745, 133 A.2d 906.

The plaintiffs' motion also claims that the appeal of the defendant should be dismissed because he has failed to prosecute it with proper diligence. Under Practice Book § 436 there is no time limitation prescribed for the filing of a motion based upon this ground. *Loomis* v. *Zoning Commission,* supra. Furthermore, under Practice Book § 436A the court may upon the motion of any other party to the appeal or upon its own motion dismiss an appeal for failure of the appellant to prosecute it with proper diligence. The issue, then, is whether the defendant has prosecuted his appeal with proper diligence. The plaintiffs had a verdict on February 27, 1957, which the trial court set aside as inadequate on March 21, 1957, upon their motion. The defendant appealed on April 2, 1957. With this appeal he filed a motion for an extension of time to file a request for a finding and a draft finding, and the trial court extended the time to April 27, 1957. A second exten-

sion was granted by the trial court on April 25, to June 7, 1957. This time was further extended on motion to June 12, 1957. Thereafter, on June 25, 1957, upon the request for a further extension, granted by the court, the time was again extended to September 6, 1957. On that date the defendant filed his request for a finding and his draft finding. The plaintiffs then moved for an extension of time to file a counterfinding, and the court granted the motion on September 11, 1957. A further motion for extension having been filed by the plaintiffs on November 15, 1957, the court granted an extension to January 27, 1958. On January 22, 1958, the defendant withdrew his request for a finding and filed an assignment of errors. The record having been mailed to counsel on June 24, 1958, the plaintiffs on September 19, 1958, filed this motion to dismiss the appeal. On the same day the defendant filed a motion for an extension of time to file his brief, which the court granted on September 29, 1958, extending the time to November 3, 1958. The motion for an extension of time to file the brief was not filed within the time prescribed by Practice Book § 451, which states that "[t]he judge who tried the case or the trial court may extend, under Sec. 413, the time for filing briefs, provided the application is made before the expiration of the respective times herein provided or of any previous extension that has been granted," since the time for filing the brief, as hereinbefore stated, expired on August 3, 1958. Consequently, the trial court should have denied the motion for the extension.

The plaintiffs' motion to set aside the verdict as inadequate having been granted, but for the defendant's appeal the case would have been reinstated on the trial docket of the Superior Court. The defend-

ant, by a series of requests for extensions to file a request for a finding and a draft finding beginning on April 2, 1957, succeeded in delaying the filing of his request for a finding and his draft finding until September 6, 1957. Thereafter, the plaintiffs, by two motions for extensions, delayed the filing of their counterfinding to January 27, 1958. Meantime, the defendant on January 22, 1958, withdrew his request for a finding and his draft finding, thus permitting the completion of the record so as to present only the claimed error in the trial court's ruling on the motion to set aside the verdict. The defendant's request for a finding and draft finding failed to comply with the rules set down in Practice Book §§ 398 and 385. The request for a finding stated that the question of law which the defendant desired to have reviewed was, "Did the Court err in granting the Plaintiffs' motions to set the verdict aside?" This was an appealable ruling under the provisions of General Statutes § 8003 and Practice Book § 377. No finding of facts was necessary, since the ruling could be tested only upon the evidence. *Gray* v. *Mossman,* 88 Conn. 247, 251, 90 A. 938. Experienced counsel should have known that to request a finding was a wholly ineffective procedure, and that counsel did know it is apparent from the fact that the request for a finding was subsequently withdrawn. The repeated requests for extensions of time to file such a paper and the delay in withdrawing it, together with the other delays occasioned by the defendant, constitute sound ground for the granting of the plaintiffs' motion to dismiss the appeal for failure to prosecute it with proper diligence. The motion is accordingly granted on that ground.

Judgment shall enter dismissing the appeal.

In this opinion the other judges concurred.