The plaintiff has moved to dismiss an appeal of the named defendant on the ground that it was not taken within the time allowed. The entries in the docket of the trial court show the following facts: On February 21, 1962, the court rendered judgment for the plaintiff; on February 22, 1962, "Judgment file prepared and mailed out"; on March 10, 1962, "Defendant's appeal filed"; and on March 13, 1962, plaintiff's motion to dismiss the appeal was filed.
Under the appellate procedure prescribed by the rules of the Circuit Court, a party appealing must file his appeal within two weeks from "the issuance of notice of the rendition of a judgment"; Rule 7.5.1; and the time to appeal may be extended on motion made within the time limited for filing an appeal. Cir. Ct. Rule 7.7.1. These requirements are the same as those provided for appeals to the Supreme Court of Errors. Practice Book § 378. Accordingly, the procedures relating to the time within which an appeal must be taken, as enunciated by the Supreme Court of Errors, are applicable to the question involved in this case. An appeal not taken within the time limit is voidable, but the defect is waived unless it is taken advantage of by motion to dismiss. Sackett v. Carroll, 80 Conn. 374, 376. Prior to 1951, such a defect was subject to a plea in abatement, but the present rules have abolished the distinction between pleas in abatement and motions to erase or dismiss, leaving only motions to dismiss. Defects in the method of taking an appeal do not go *Page 404 
to the jurisdiction of the court, because "[t]o hold otherwise would exalt technicalities above substance."Lengel v. New Haven Gas Light Co.,142 Conn. 70, 74. Although both the rules contained in the Practice Book and the rules of the Circuit Court are to be liberally construed in cases where "a strict adherence to them will work surprise or injustice"; Practice Book § 471; Cir. Ct. Rule 7.51.1; it must be borne in mind that their purpose is not only to give to the appellant his rights of appeal but also to ensure that the appeal be taken and perfected in an orderly and proper manner and without undue delay. Schuhmacher v. Peck, 139 Conn. 426, 428.
Under the old rules, the date from which the time to appeal was computed was the date of entry of the judgment. Where the appeal was not filed within the time limit, the appeal has been dismissed. SeeVincent v. McNamara, 70 Conn. 332. In the case at bar, the critical date is the date of issuance of notice of the judgment. This date was February 22, 1962. "Issuance" means "issuing" or "giving out." Webster, New International Dictionary (2d Ed.). The mailing out of the judgment file was the issuance of the notice of the rendition of the judgment. The defendant argues that since February 22, 1962, was a legal holiday and the clerks' offices are normally closed on that day, and since he did not receive the notice till February 26, 1962, the date of February 22 as entered on the docket must be erroneous. There is no merit to this argument. It is well settled that docket entries are conclusive and not subject to correction by the appellate court and that they may be corrected, if they are incorrect, only by the court which made them. State ex rel. Baskin v. Bartlett,132 Conn. 623, 626; Clark v. Sykes Co., 90 Conn. 553,554; Verzier v. Convard, 75 Conn. 1.
If defendant desired more time to determine whether or not to file an appeal, he had ample time *Page 405 
in which to apply for an extension of time under Circuit Court Rule 7.7.1. His right to appeal is not unduly restricted by the rule. State ex rel. Baskin
v. Bartlett, supra, 624. If he had not received the notice of the judgment in time to apply for an extension of time to file his appeal, the strict application of the rules would not be just and equitable.All Time Mfg. Co. v. Van Steenburgh, 22 Conn. Sup. 464,466, 467 (App.Div.).
 The appeal not having been filed within two weeks of February 22, 1962, and there being no extension of time to appeal on record, the motion to dismiss is granted and the appeal is dismissed.
PRUYN, JACOBS and GEORGE, Js., participated in this decision.