STATE OF CONNECTICUT v. WILLIAM PHILLIPS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 14-493

Argued February 3—decided July 31, 1962

*Peter J. Zaccagnino, Jr.,* of Hartford, for the appellant (defendant).

*John J. Devine, Jr.,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The information charged that the defendant sold alcoholic liquor to a minor in violation of § 30-86 of the General Statutes. That statute, so far as relevant to the case, provides for a penalty to be imposed upon any person holding a permit to sell liquor issued by the liquor control commission who "sells or delivers alcoholic liquor to any minor." The defendant elected to be tried by the court. He was found guilty on December 20, 1961, and has appealed. On December 28, 1961, the court made a finding pursuant to the defendant's request therefor. On the next day, December 29, 1961, the defendant filed a motion asking the court "to extend the time for filing the brief . . . until January 22, 1962." On January 12, 1962, the state moved for a dismissal of the appeal upon the ground that the defendant failed to file an assignment of errors within the time fixed by the rules of this court. Cir. Ct. Rule 7.35.1.

The defendant, in his brief and on oral argument, claimed that the motion to extend the time within which to file a brief was the result of a stenographic error and that the motion should have read "to extend the time for filing the assignment of errors." The sole question before us is whether the appeal ought to be dismissed for failure to file an assignment of errors within the time prescribed by the rules of this court. In *Loomis* v. *Zoning Commission,* 144 Conn. 743, 746, the court said: "Where a timely motion to dismiss is based merely on the

failure to file papers on time, the court has only to decide whether as a fact there was a failure to file papers within the time limited by the rules." See *Tamarit* v. *Ottolini,* 145 Conn. 586, 589; Maltbie, Conn. App. Proc. §§ 276, 277. In the instant case, the motion to dismiss was properly filed by the state. We have no occasion to consider whether the defendant prosecuted the appeal with proper diligence, or any other ground. Since the motion to dismiss was filed within ten days after the ground for dismissal arose, the motion to dismiss the appeal is granted. Cir. Ct. Rule 7.37.1.

JACOBS, ZARRILLI and EIELSON, Js., participated in this decision.