ALICE M. MORE *v.* STEVE URBANO

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 2—decided October 31, 1962

*Milton G. Harrison,* for the appellee (defendant).

*Robert L. Fay,* for the appellant (plaintiff).

PER CURIAM. In these appellate proceedings, instituted by the plaintiff, the trial court filed its finding on May 14, 1962. On May 25, 1962, no assignment of errors having been filed by the plaintiff as required by § 388 of the Practice Book, the defendant moved in this court to dismiss the appeal. See Practice Book § 436. On May 31, 1962, the plaintiff filed a motion for an extension of the time within which to file her assignment of errors. It is to be noted that this motion was filed after the period of ten days for filing her assignment of errors under § 388 of the Practice Book had expired. The trial court took no action on the plaintiff's motion, presumably because a motion to dismiss had been filed in this court.

687

The question posed is whether the filing of the motion to dismiss took away from the trial court the power to grant the plaintiff's motion for an extension. Practice Book § 436 required the motion to dismiss to be filed within ten days after the expiration of the time allowed for the filing of the assignment of errors. *Tamarit* v. *Ottolini,* 145 Conn. 586, 589, 145 A.2d 587. The motion to dismiss was so filed and was, therefore, a proper motion for this court to consider. This fact did not, however, prevent the trial court from considering and, if it found good cause, granting the plaintiff's motion for an extension. Practice Book § 413; *Walsh* v. *Laffen,* 131 Conn. 358, 359, 360, 40 A.2d 689.

There are situations in which the trial court is powerless to grant an extension unless the motion seeking it is filed before the expiration of the time required by the rules for taking the action for which the extension is sought, or before the expiration of a proper extension of that time. Practice Book § 378 provides that the time for filing an appeal or an appeal bond, or for paying the entry or record fee, may be extended under Practice Book § 413 if the motion seeking the extension is filed before the time for taking the appeal has expired, and if any subsequent motion seeking an extension is filed before the expiration of any previous extension. See *Palmer* v. *Des Reis,* 136 Conn. 627, 629, 73 A.2d 327. The same rule applies to extensions of time for filing a cross appeal under Practice Book § 383. Section 451 of the Practice Book provides that the trial court may extend the time for filing briefs, in a case on appeal, if the application is made before the expiration of the time specified for filing them or before the expiration of any previous extension of that time. See *Tamarit* v. *Ottolini,* supra, 587;

*Schuhmacher* v. *Peck,* 139 Conn. 426, 428, 94 A.2d 615.

In these situations, the power of the trial court to grant extensions of time is limited by the time requirements of the applicable rules. The case before us, however, concerns the late filing of the assignment of errors, and the trial court has the power under § 413 of the Practice Book to grant an extension, for good cause shown, in accordance with the provisions of that rule.

This court will defer action on the motion to dismiss until the trial court has had an opportunity to consider and pass on the plaintiff's motion for an extension of the time within which to file her assignment of errors.