STATE OF CONNECTICUT *v.* RICHARD RODD

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-6752

Argued September 21, 1962—decided January 4, 1963

*Irving Spiro,* of Norwich, for the appellant (defendant).

*Eli L. Cramer,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. Although a decision on the motion to dismiss would be determinative of the matter before us, we allowed the parties to argue the merits of the appeal, so that the case could be disposed of without the possible necessity of a rehearing.

The defendant filed an appeal on June 5, 1962, requesting a finding. A finding was filed on June 7, 1962. On June 14, 1962, the defendant moved for a new trial, which was denied June 25, 1962. On August 17, 1962, the state filed a motion to dismiss the appeal, alleging that the defendant had failed to complete the appeal and to file the assignment of errors and the briefs required by the rules. The assignment of errors was filed September 7, 1962. At no time did the defendant file a motion for an extension of time. Cir. Ct. Rule 7.7.1.

"Where an appeal properly lies, but there has been a failure to follow the requirements of the statutes or rules, the appeal is ordinarily not void, but voidable; the defect may be waived by a failure to take advantage of it . . . ." Maltbie, Conn. App. Proc. § 275. The rules of appellate procedure (Cir.

Ct. Rule 7.37.1) contemplate that an appeal may be dismissed, among other reasons, for "failure to prosecute with proper diligence" and for lack of jurisdiction. Under the rule cited, "a motion based on failure to file papers on time must be filed within ten days after the ground for dismissal arose, but a motion based on failure to prosecute with proper diligence or on lack of jurisdiction may be filed at any time." *Loomis* v. *Zoning Commission,* 144 Conn. 743, 745.

Circuit Court Rule 7.27.1 requires that the assignment of errors shall be filed within two weeks from the date the finding is filed where, as in this case, there was no motion made to correct the finding. The question whether the motion for a new trial stayed this period was not raised and we do not decide it, since it is immaterial in the instant case.

The issue presented is whether the failure to complete the appeal is a "failure to file papers" on time or a "failure to prosecute with proper diligence." If the former, it would be necessary to deny the motion, because of failure to file it within ten days after the ground for dismissal arose. If the latter, we can consider the motion on its merits. In the instant case, we feel that the failure to complete the appeal was not merely a technical defect but a course of conduct unduly prolonging the appeal and amounting to a failure to prosecute with proper diligence. A motion to dismiss for failure to prosecute can be filed at any time and is addressed to the court's discretion. "The court must analyze the entire course of conduct and determine whether, under the circumstances, any good reason appears why the appellant should be permitted further to pursue his appeal." *Loomis* v. *Zoning Commission,* supra, 746. The course of conduct contemplated by the phrase "failure to prosecute with proper diligence"

can, and usually does, consist of delay in filing papers. See Maltbie, Conn. App. Proc. § 276. We conclude that the motion is properly before us as a motion to dismiss for failure to prosecute with proper diligence. No good reason appears why the defendant should be allowed to pursue his appeal.

This is determinative of the case, but as we allowed the parties to argue the merits of the appeal, we feel we should add, without taking up the assignment of errors, that they would avail the defendant nothing because they were not in accord with our appellate procedure.

The motion to dismiss the appeal is granted.

KINMONTH, KOSICKI and DEARINGTON, Js., participated in this decision.