STATE OF CONNECTICUT *v.* LEONARD B. STYMIEST

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 17-2219

Argued November 30, 1962—decided January 25, 1963

*Anthony J. Monterosso,* of New Britain, for the appellant (defendant).

*Richard W. Wood,* prosecuting attorney, for the appellee (state).

PER CURIAM. On April 12, 1962, the defendant, in a trial to the court, was found guilty of the crime of failure to grant one-half of the highway. The defendant's appeal and request for a finding were filed April 23, 1962. The court's finding was filed June 26, 1962. A motion to correct the finding was filed August 16, 1962, and denied August 27, 1962. A corrected finding was filed August 30, 1962. On October 31, 1962, the defendant filed his assignment of errors, and on the same day the state filed a motion to dismiss the appeal for failure to prosecute with proper diligence.

A motion to dismiss for failure to prosecute with proper diligence is addressed to the court's discretion. Circuit Court Rule 7.27.1 requires that the assignment of errors be filed "within two weeks from the date the clerk receives notice of the action of the judge on the motion to correct the finding." The defendant's arguments were that he was not familiar with the rules and that he did not receive a "formal notice" of the court's action on his motion to correct the finding. As to the former, we find no excuse, and as to the latter, the court docket entry shows that notice of the court's denial of the defendant's motion to correct the finding was sent to the defendant, and a copy of the correction of the finding on August 30, 1962. The defendant produced the letter in question before us and admitted receiving it. The letter speaks for itself and is as formal as any notice could be. The defendant did not apply for an extension of time under Circuit Court Rule 7.7.1.

"[T]he rules of the Circuit Court are to be liberally construed in cases where 'a strict adherence to them will work surprise or injustice'; . . . Cir. Ct. Rule 7.51.1; [but] it must be borne in mind that their purpose is not only to give to the appellant

his rights of appeal but also to ensure that the appeal be taken and perfected in an orderly and proper manner and without undue delay." *Spicer Fuel Co.* v. *Padgett,* 23 Conn. Sup. 402, 404. Because so much time has elapsed since the terminal date for filing the assignment of errors and because no sound reason appears why the defendant should be permitted further to pursue his appeal, the motion to dismiss is granted.

The appeal is dismissed.

KINMONTH, JACOBS and DEARINGTON, Js., participated in this decision.