WILLIAM A. WILLIAMS *v.* CITIZENS UTILITIES COMPANY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 1-6210-2992

Argued June 3—decided August 28, 1963

*William J. Tracey,* of Stamford, for the appellant (named defendant).

*Harold E. Linsley,* of Stamford, for the appellee (plaintiff).

*Emanuel Margolis,* of Stamford, for the appellee (defendant The State National Bank of Connecticut, Trustee).

PER CURIAM. The plaintiff has moved to dismiss the appeal of the named defendant, hereinafter referred to as the defendant, on the ground that it has failed to comply with Circuit Court Rule 7.8.1, requiring the payment of the appeal fees and the giving of security for costs at the time of filing the appeal. The defendant The State National Bank of Connecticut, as trustee for Ridgeway Center Associates, has moved to dismiss the appeal on the ground that the defendant has failed to file the appeal within two weeks of the issuance of notice of the rendition of the judgment, as prescribed by Circuit Court Rule 7.5.1.

Judgment for the plaintiff was rendered on April 15, 1963, and notice thereof mailed to counsel on that date. Such mailing constitutes the issuance of the rendition of the judgment as provided in Rule 7.5.1. *Spicer Fuel Co.* v. *Padgett,* 23 Conn. Sup. 402, 404. Accordingly, the two-week limitation for an appeal began to run from that date. The last day for filing the appeal was April 29, 1963. *Lamberti* v. *Stamford,* 131 Conn. 396, 398. On April 29 at 5:10 p.m., the defendant filed a handwritten appeal consisting of an original paper without any copies. At the same time, the defendant paid the required appeal fees and security for costs by delivering a single

check for $97. This was the correct amount. On April 30, the defendant filed in quadruplicate a typewritten appeal which was identical with the handwritten one except that the words "conclusions" and "of" in the handwritten one appear as "conclusion" and "by" in the typewritten one and except for changes in punctuation. The forms of certificates by the clerk differ in the handwritten and typewritten documents, and each of the typewritten documents contains an executed certificate of service which the handwritten document does not contain. Such certificates are not essential parts of the appeal document but, while usually inscribed thereon, are merely evidence of the filing of the appeal, the payment of the fees, the giving of security for costs and the service of the appeal on the other parties. Practice Book, 1951, § 118; Cir. Ct. Rule 1.1. We note that the clerk did not execute any of the certificates to be executed by him. At the request of the clerk, the defendant on May 1, 1963, substituted for the check for $97 two checks, one for $22 for the fees, the other for $75 for security for costs.

We note discrepancies between the entries on the docket and the original file and record. The docket contains an entry under date of May 1, 1963, of a letter enclosing two checks, a $75 bond and $22 costs, but contains no entry as to the $97 check; however, the letter which is part of the file reveals that the two checks were being substituted at the clerk's request for the $97 check. The plaintiff's motion to dismiss bears the file stamp of May 9, 1963, but is entered on the docket as of May 10, 1963. If the motion were filed on May 10, we could dismiss it on the ground that it was not filed within the ten-day period required by Circuit Court Rule 7.37.1.

The delivery by the defendant to and the receipt by the clerk of the $97 check at the time of filing the

appeal on April 29 was compliance with Circuit Court Rule 7.8.1. The bookkeeping convenience of the clerk cannot affect the substantive rights of the parties. Nor will we dismiss an appeal because of errors, omissions, irregularities, fault or neglect of the court clerk which are not attributable to the appealing party. See *New Iberia National Bank* v. *Lyons,* 164 La. 1017, 1018; *Goedecke* v. *Zurich General Accident & Liability Ins. Co.,* 7 S.W.2d 309, 311 (St. Louis Ct. App.).

The instant case is distinguishable from *Spicer Fuel Co.* v. *Padgett,* 23 Conn. Sup. 402, cited by the bank in support of its motion. In that case, the appealing party did not file the appeal until after the two-week period in which to appeal had expired. In the case before us, the defendant went through the motions of taking an appeal in time, filing the appeal, paying the appeal fees, posting security for costs, and serving the appeal, except that the appeal document was a single paper and not in quadruplicate; the next day the copies were filed. The differences, heretofore noted, between the original and the copies are inconsequential and may be disregarded. De minimis non curat lex.

Circuit Court Rule 7.3.1 provides that the appeal and all subsequent papers, except the transcript, shall be filed in quadruplicate. The purpose of this rule is to provide copies of the appeal papers for the three members of the appellate panel who will hear the appeal, and thus relieve the clerk of the burden of making the copies. While this is an important requirement of the appeal procedure, we believe that under the circumstances of the instant case the filing of the copies on the next day was a sufficient compliance with this rule.

This case abounds with technicalities, errors, omissions, and irregularities. This court frowns upon

technicalities. Instead of returning this case to the trial court for correction of the docket and for the furnishing of a complete and accurate record, we have waded through the morass of technicalities, errors, and irregularities in order to determine the actual situation and decide the procedural questions before us without undue delay. Court rules must be construed liberally so as to prevent injustice. Practice Book, 1951, § 471; Cir. Ct. Rule 7.51.1. Where no positive violence is done to a rule of practice or procedure, the appeal should be heard despite any technical nonconformity. *Kiessling* v. *Kiessling,* 134 Conn. 546, 565 n.; *Rush* v. *Newsom Exterminators, Inc.,* 261 Ala. 610, 613, 75 So. 2d 112; *Cohen* v. *Connick,* 26 Cal. App. 491, 498; *Schornick* v. *Prudential Ins. Co.,* 277 Ill. App. 36, 39. Technicalities must not be exalted over substance. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 73. Each case must be decided on its own facts. This opinion is limited to the facts of the instant case. Under the particular circumstances herein, the defendant is entitled in justice to have his appeal heard on the merits.

Both motions to dismiss are denied.

PRUYN, JACOBS and KINMONTH, Js., participated in this decision.