SAMUEL J. HODGE v. FREDERICK G. REINCKE, WARDEN OF CONNECTICUT STATE PRISON

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 133830

Memorandum filed January 30, 1964

*S. William Bromson,* of Windsor Locks, for the plaintiff.

*John D. LaBelle,* state's attorney, and *George D. Stoughton,* assistant state's attorney, for the defendant.

PASTORE, J. This is a writ of habeas corpus issued pro forma upon the application of petitioner dated April 1, 1963, and heard by the court sitting at the state prison at Wethersfield on May 21, 1963, when petitioner appeared and was heard without benefit of counsel. The petition alleged the illegal confinement of petitioner in the state prison in violation of the United States constitutional amendments V, VI and XIV, § 1.

It appeared from preliminary facts then shown that petitioner should be allowed counsel to develop and present more fully in relation to said habeas corpus the facts relating to his right to pursue an appeal to the Supreme Court of Errors of the state of Connecticut from his conviction on May 20, 1960, in the Superior Court at Hartford. The public defender being of the opinion he should not present petitioner's claims because he had represented him at the trial, this court appointed a special public defender on July 31, 1963, as of record appears, to represent petitioner in relation to the present habeas corpus, following due authorization therefor of the chief justice. General Statutes § 54-80; Practice Book, 1963, § 472. After the special public defender familiarized himself with the file, consulted with the petitioner and others, and reviewed the transcript, and after unavoidable delays due to special circumstances not here material, the habeas corpus was heard de novo on November 21, 1963, at the state prison, minimum security division, in Enfield in the county of Hartford, when the petitioner and his attorney above referred to were heard in full.

Certain facts are not in dispute and the parties have stipulated as to them. Petitioner was presented in the Superior Court in Hartford County charged with having violated the Uniform State

Narcotic Drug Act. General Statutes, c. 344, as amended by Public Acts 1959, No. 485. Unable to hire counsel himself, he was represented by the public defender at certain preliminary proceedings and at the trial. He was tried to the court and convicted on May 11, 1960. On the same date, having been properly warned beforehand, he pleaded guilty to a separate part of the information charging him with being a third offender. On May 20, 1960, he was permitted to withdraw this plea and on said date, having been properly warned before the trial, he entered a plea of guilty to a separate part of the information charging him with being a second offender under § 54-118 of the General Statutes. On May 20, 1960, he was sentenced to state prison for not less than five nor more than ten years. On June 3, 1960, an appeal was filed by the public defender, a transcript was ordered and in due course was provided to him by the state without cost, and all costs and fees connected with the appeal were defrayed by the state. The public defender also procured an extension of time within which to file a request for finding and draft finding. Thereafter, the public defender advised the petitioner that in his opinion there were no legal grounds to justify an appeal and that he would not prepare the request for a finding and draft finding but would file any appeal papers prepared and forwarded by petitioner. After having been notified by the public defender that he did not believe there was merit to the appeal and that he did not feel that he ought to participate in the appeal any further, the petitioner on several occasions requested the appointment of counsel to perfect his appeal because he alleged that he was not qualified to do so himself. The petitioner also informed the chief justice of his position, but each request made by him for appointment of counsel was denied.

Petitioner, a layman, indigent and presently confined at the state prison, alleges he has a seventh-grade education and is unable to prosecute his appeal by himself. Being advised that the public defender would not prosecute the appeal, petitioner secured extensions of time for filing his request for finding and draft finding, most recently until May 4, 1961. There has been no motion to dismiss the appeal for failure to prosecute it.

By stipulation of the parties, all the exhibits introduced at the hearing on May 21, 1963, were marked as exhibits for the purpose of the hearing of November 21, 1963.

In addition to the above stipulated facts, it appears further from the hearing held May 21, 1963, and the files of this court, of which judicial notice is taken, that between May 4, 1961, the date of the last extension, and November 14, 1961, the petitioner made still further requests for counsel and claims of the denial of his constitutional rights by reason of denial of counsel in connection with the appeal from the conviction, which requests for counsel and applications for a writ of habeas corpus availed him nothing. For a second application prior hereto for a writ of habeas corpus in forma pauperis, see *Hodge* v. *Richmond,* Superior Court, Hartford County, No. 126931 (Aug. 7, 1961), and order of November 8, 1961, denying writ and appointment of counsel. But since then there has been declared by the United States Supreme Court an extension of the right of an indigent to public counsel in relation to the one and only appeal which an indigent may have as of right for review of his conviction.

In *Douglas* v. *California,* 372 U.S. 353, decided March 18, 1963, two defendants were convicted of felonies in a California state court. They appealed as of right to the California District Court of

Appeal and requested the appointment of counsel. It denied their request for counsel and affirmed the convictions. Under a state rule of criminal procedure, the appellate court could decline to appoint counsel if, after an independent investigation of the record, it concluded that the appointment of counsel would be helpful to neither the defendant nor the court. On certiorari, the Supreme Court of the United States, by a six to three opinion, vacated the judgment of the state District Court of Appeal, holding that the equal protection clause of the fourteenth amendment required the state to appoint counsel for the indigents, upon request, on their appeal from the criminal conviction. The court expressly limited itself (p. 356) to the situation of "the *first appeal,* granted as a matter of right to rich and poor alike . . . from a criminal conviction." It declared (pp. 355, 357): "For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.' . . . [W]here the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor."

On the point whether a defendant is entitled to an appeal notwithstanding the certification of the trial judge that the appeal is not taken in good faith, that is to say, without merit, the court stated (p. 357): "The federal courts must honor his request for counsel regardless of what they think the merits of the case may be; and 'representation in the role of an advocate is required.'" Disapproving of an examination of the trial record as a basis for determining whether the merits of an appeal justified the appointment of counsel, the court stated (p. 357) that where counsel is denied on appeal "the discrimination is not between 'possibly good and obviously bad cases,' but between cases where the rich

man can require the court to listen to arguments of counsel before deciding on the merits, but a poor man cannot. There is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of the arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself. The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal." See also *Lane* v. *Brown,* 372 U.S. 477; *Draper* v. *Washington,* 372 U.S. 487.

In *Eskridge* v. *Washington State Board,* 357 U.S. 214, 215 (1958), the court held invalid a provision of the criminal appellate system of the state of Washington which conferred upon the trial judge the power to withhold a trial transcript from an indigent upon a finding that "justice would not be promoted . . . in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein." It was stated (p. 216) : "The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript." It was held that the defendant had been denied his rights under the fourteenth amendment. In *Eskridge,* the denial of the indigent defendant's constitutional right to a free transcript in pursuance of the appeal could not be made to depend upon the trial judge's opinion as to whether appealable error existed. By parity of reasoning here, the indigent petitioner's constitutional right to counsel to pursue his first appeal as of right may not be made to

depend upon the opinion of the public defender that no appealable question exists. In *Douglas,* supra, not even the appellate review of the District Court of Appeal of the state on an independent ex parte examination of the trial record was deemed to satisfy the constitutional requirement.

The problems suggested by counsel for respondent which *Douglas* may generate, the burdens it may impose upon states and the influence it may have in provoking frivolous appeals, with all its varied and some perplexing consequences, are not within the scope of this opinion to consider. What implementing provisions in criminal procedure the decision may invite are problems to be met elsewhere.

The application of the principles of *Douglas* to the instant case compels the court to conclude as follows: (1) The first and only appeal as of right of the petitioner from his conviction is to the Supreme Court of Errors. (2) The question of the merits of such an appeal by petitioner is not at this time presently pertinent in a determination of petitioner's right to counsel. (3) Neither the fact that petitioner entered pleas of guilty to the criminal charges upon which he was convicted nor the fact that the public defender representing him at the trial was of the opinion that there was no question justifying an appeal and refused to participate in perfecting the appeal is determinative of the right of petitioner as an indigent to appointment of counsel at state expense to prosecute his appeal to effect. (4) Since a defendant with paid counsel may require the Supreme Court of Errors to hear his appeal with benefit of counsel before a determination is made of the merits of his appeal, the indigent petitioner is entitled to no less. (5) The inability of petitioner to prepare a request for finding and draft finding has precluded his being heard upon an appeal to the

Supreme Court of Errors. (6) Irrespective of the opinion of the public defender that there was no appealable question and notwithstanding his unquestioned and acknowledged competence and sincerity and his own personal right to refuse to serve in view of such an opinion, the denial to the indigent petitioner of counsel to perfect his first and only appeal as of right was violative of the equal protection clause of the fourteenth amendment to the United States constitution.

The record is devoid of anything suggesting a waiver of petitioner's constitutional right to such counsel.

It is claimed that the state is without power now to give petitioner an appeal. The claim is that, the last extension for the filing of the request for a finding and draft finding having expired May 4, 1961, and no motion for extension prior thereto having been filed for further extension for such purpose, the appeal cannot now be perfected. It is not disputed here that the appeal has never been dismissed.[1] As to the power of the trial court to grant an extension for the above purpose "for good cause shown" under what is now Practice Book, 1963, § 665, see *More* v. *Urbano*, 150 Conn. 687, 689 (1962); see also *State* v. *Nash*, 149 Conn. 655 (1962) (where an appeal, taken eleven years after the judgment of conviction, was heard upon the mandate of the United States District Court for the district of Connecticut, predicated also upon a violation of the

[1] In *Fredericks* v. *Warden*, Superior Court, Hartford County, No. 133833 (Feb. 6, 1964), another habeas corpus proceeding involving an indigent plaintiff who had not been allowed counsel for the prosecution of his appeal from a conviction on a criminal charge, the judgment was similar to that in the present case, though in the *Fredericks* case the appeal which the plaintiff had instituted from his conviction had been dismissed. From the judgment in the habeas corpus proceeding in the *Fredericks* case, the state has appealed to the Supreme Court of Errors.

fourteenth amendment to the federal constitution). The provisions of the fourteenth amendment to the federal constitution, guaranteeing the equal protection of the laws and due process of law, have substantially the same meaning as the corresponding provisions contained in §§ 1 and 12 of articles first of our state constitution. *Proctor* v. *Sachner,* 143 Conn. 9, 17; *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 195. No case having been cited by petitioner or respondent pro or con on this proposition, this court cannot now say that either by virtue of the federal fourteenth amendment or said corresponding state constitutional provisions the mandate of this court may not be as efficacious in affording petitioner an appeal before the Supreme Court of Errors as was the federal mandate.

Accordingly, judgment may enter as follows: (A) Petitioner shall be discharged from custody unless within a reasonable time, upon his further request duly made, counsel at the expense of the state shall be appointed to him for the purpose of perfecting an appeal to the Supreme Court of Errors of this state from his aforesaid conviction of May 20, 1960, and reasonable opportunity given thereafter for presenting the case on appeal. (B) S. William Bromson, Esquire, of Windsor Locks, attorney for said petitioner on the instant habeas corpus, is hereby further authorized to make application for and on behalf of petitioner for the appointment of counsel to pursue his appeal. (C) In the event that (1) petitioner is denied appointment of such counsel to pursue his appeal or (2) is denied such extension of time within which to file said request for finding and draft finding, and in such event is also denied leave to be heard on his appeal before the Supreme Court of Errors, then said petitioner shall be discharged without further condition.