WILLIS FOSTER  *v.*  LOUIS VITALE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-617-3057M

Argued April 6—decided May 8, 1964

*Louis Vitale,* the appellant (defendant), pro se.

*Paul A. Scholder,* of New Haven, for the appellee (plaintiff).

PER CURIAM. This action was commenced in the small claims division of the City Court of New Haven and, on motion filed September 6, 1960, was transferred to the regular civil docket of the City Court of New Haven and subsequently came to the Circuit Court. Upon trial, the issues were found for the plaintiff and judgment was rendered June 26, 1963. On July 8, 1963, the defendant filed his appeal and requested a finding. The court filed its finding on January 8, 1964. A motion to correct the finding was filed January 21, 1964. On January 27, 1964, the defendant filed a motion to withdraw his motion of January 21, 1964, and to substitute a new motion to correct the finding. On February 14, 1964, the defendant filed a motion for extension of time to file his assignments of error. The plaintiff, on February 21, 1964, filed a motion to dismiss the appeal for failure to prosecute the appeal with proper diligence and for failure to properly and timely move to correct the finding.

A motion based on failure to file papers on time must be filed within ten days after the ground for dismissal arose, but a motion based on failure to prosecute with proper diligence may be filed at any time. Practice Book § 976; *Loomis* v. *Zoning Commission,* 144 Conn. 743, 745. The plaintiff's motion was not filed within ten days after the ground for dismissal arose, and therefore we shall only consider the motion as it pertains to failure to prosecute with proper diligence. Such a motion is ad-

dressed to the court's discretion. "The court must analyze the entire course of conduct and determine whether, under the circumstances, any good reason appears why the appellant should be permitted further to pursue his appeal." *Loomis* v. *Zoning Commission,* supra, 746.

We are cognizant of the fact that the defendant is acting pro se but note that prior to trial he had been represented by two different attorneys at various times. The defendant's conduct amounts to a continuing and inexcusable course of conduct unduly prolonging the period before the appeal could be heard, and no good reason appears why the defendant should be allowed to pursue his appeal.

The motion to dismiss the appeal is granted.

KINMONTH, KOSICKI and LEVINE, Js., participated in this decision.