**UNITED STATES ex rel. John W. MALLETTE, III,**

v.

**Frederick REINCKE, Warden, Connecticut State Prison.**

**Civ. No. 10790.**

United States District Court
D. Connecticut.

Feb. 5, 1965.

Robert F. Cavanagh, New Haven, Conn., for petitioner.

Joseph T. Gormley, Jr., Asst. State's Atty., Bridgeport, Conn., for respondent.

ZAMPANO, District Judge.

Petitioner, presently incarcerated in the Connecticut State Prison at Somers, was convicted in the state court on May 14, 1964 of robbery with violence and carrying a dangerous weapon. He was represented at his trial by Attorney Bundock, the Public Defender of Fairfield County. On June 5, 1964 Judge Thim of the Superior Court sentenced the petitioner to imprisonment for not less than five years or more than eight years.

The petitioner on the day he was sentenced indicated to Mr. Bundock that he desired to appeal his conviction. Mr. Bundock replied "an appeal is not in your best interests" and recommended one not be taken. However, he did advise the petitioner that "you have two weeks to take an appeal." Thereupon the petitioner was taken to the state prison and

placed in quarantine for two weeks. While in quarantine he was not allowed to send any letters but he did request another inmate to write to Mr. Bundock to inquire about an appeal.

On June 23, 1964, the petitioner sent a letter by registered mail to Judge "Timms" of the Superior Court requesting an extension of time to file an appeal. Petitioner claims to have received a reply granting him an extension of time to August 5, 1964. On July 2, 1964, petitioner wrote to the Clerk of the Superior Court explaining that Mr. Bundock had failed to reply to his earlier letter and therefore he was requesting "papers for a new trial." The Clerk replied on July 6, 1964 and advised petitioner to "seek the advice of counsel." The petitioner next sought legal assistance on July 14, 1964 from an attorney assigned to the Legal Aid Society of Hartford who, on July 21, 1964 replied to petitioner, in part, as follows " * * * please be advised that I would suggest you contact the public defender, whom you claim refused to take an appeal in your case, and ask him to reconsider his decision * * * " Whereupon, petitioner wrote Mr. Bundock again, enclosing a copy of the letter from the Legal Aid Society, and on July 31, 1964 received the following reply:

"This will acknowledge receipt of your recent letter to me regarding an appeal in your case. I can only repeat that in my opinion an appeal in your case is not warranted, nor would it be in your best interest. Nevertheless, I am keeping the contents of your letter under advisement."

In the meantime, on July 21, 1964, petitioner filed with the Clerk of the Superior Court a *pro se* "Appeal to the Supreme Court of Errors", a "Motion to proceed in forma pauperis", and a "Motion for counsel." These documents were returned to him on July 27, 1964 for failure "to include the appropriate fees" and the petitioner was further advised to "contact the public defender." Petitioner again wrote Mr. Bundock, enclosing a copy of the appeal papers as well as a copy of the aforementioned Clerk's letter, and further notified Mr. Bundock "the appeal deadline is Aug. 4, 1964."

On July 29, 1964, petitioner wrote to the Clerk of the Superior Court at Bridgeport for a transcript of his trial in order to take an appeal. There was no reply to this letter. A petition for a writ of habeas corpus was filed in the state court on July 30, 1964, and a hearing was held on October 15, 1964. On October 21, 1964, the state court, per MacDonald, J., dismissed the writ and on October 30, 1964 denied petitioner a Certification of Appeal.

On January 7, 1965, petitioner filed his habeas corpus petition in this Court, counsel was appointed, an order to show cause issued and, on January 19, 1965, an evidentiary hearing was held.

The petitioner has exhausted his state remedies. Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Fay v. Noia, 372 U.S. 391, 419, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The only question presented is whether the petitioner was unconstitutionally deprived of his right of appeal. Respondent claims petitioner was on notice an appeal had to be taken within two weeks after sentence was imposed and his failure to instruct the Public Defender to process the appeal, or to prosecute an appeal himself, within that period of time amounted to a waiver on his part. It is difficult, however, to imagine what more this petitioner, possessing merely a fourth grade education, could have done to bring his case on appeal. On the day he was sentenced, he discussed an appeal with Mr. Bundock who admittedly advised petitioner not to appeal and, as Judge MacDonald found, told the petitioner of the time limit "if he wished to proceed on his own." Although the petitioner was not obligated to process an appeal "on his own", Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), he could hardly do so even if he wished, because immediately after being sentenced he was taken to the state prison

and held incommunicado for the entire time permitted to file an appeal.

The petitioner's claim that he requested an appeal on June 5, 1964 is fully supported by the letters petitioner sent to various state officials upon his release from quarantine on or about June 20, 1964. Moreover, since this Court concurs in Judge MacDonald's finding that "it appears that the court extended his time for filing such appeal to August 5, 1964", the denial of counsel to petitioner prior to August 5, 1964 unquestionably was violative of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Douglas v. People of State of California, supra; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); United States ex rel. Taylor v. Reincke, 225 F. Supp. 985 (D.C.Conn.1964); Hodge v. Reincke, 25 Conn.Supp. 207, 199 A.2d 341 (1964).

Accordingly, judgment may enter discharging petitioner Mallette from custody unless, within a reasonable time, counsel at the expense of the state shall be appointed to prosecute an appeal to the Supreme Court of Errors from the 1964 conviction.