ELIZABETH PAGE *v.* WELFARE COMMISSIONER

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 1-738-37895

Argued May 7—decided May 21, 1974

*Roger E. Koontz,* of Stamford, for the appellant (plaintiff).

*Robert K. Killian,* attorney general, and *Edward F. Reynolds,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The defendant moves to dismiss this appeal on the ground (1) that the plaintiff failed to pay the required fee for the taking of an appeal, as provided by statute, at and within the time prescribed in § 778G of the Practice Book, and (2) that the plaintiff failed to file with the court a proper security for the costs of the appeal, for the benefit of the defendant, within the time prescribed by § 778G of the Practice Book.

As for the first ground, the notice of the rendition of the judgment by the Circuit Court for the first circuit was issued on February 19, 1974. On March 4, 1974, thirteen days later, the plaintiff filed an appeal to this court and paid a record fee of $10. On March 6, 1974, after receiving a telephone request from the clerk's office, the plaintiff paid an additional fee of $5.

Section 778G of the Practice Book requires that at the time of filing the appeal the appellant pay the clerk of the Circuit Court the fees provided by

statute. The relevant statutory provisions appear to be in conflict. Section 51-157a of the General Statutes states in part: "In each appeal to the court of common pleas, the party appealing shall pay a record fee of ten dollars at such time as is fixed by rule of court . . . ." This provision was enacted as § 6 of Public Acts 1971, No. 870. Section 52-257a of the General Statutes states in part: "In each appeal to the appellate session, the party appealing shall pay to the clerk a record fee of fifteen dollars at such time as is fixed by rule of court . . . ." This provision was in § 12 of Public Acts 1972, No. 108.[1]

First, the meaning of the second provision must be determined. The plaintiff contends that "the appellate session" in § 52-257a refers to the Appellate Division of the Circuit Court because the provision is found in a section of the statutes which refers to fees for civil actions returnable to the Circuit Court. Since the Appellate Division of the Circuit Court was abolished in 1971; see Public Acts 1971, No. 870 § 7, amending General Statutes § 51-265; the plaintiff argues that this provision has no effect. But it is precisely because the Appellate Division of the Circuit Court was abolished in 1971 that this provision does not apply to that defunct division. The legislature intended this provision to apply to the Appellate Division of the Court of Common Pleas, because the legislature is presumed to enact a law with existing relevant legislation in mind. *Danbury Rubber Co.* v. *Local 402,* 145 Conn. 53. In this case the existing relevant legislation is the transfer of the Appellate Division from the Circuit

---

[1] General Statutes § 51-157a was amended by Public Acts 1974, No. 74-183 § 47, effective December 31, 1974. Section 52-257a was repealed, effective December 31, 1974, by Public Act No. 74-183 § 280.

Court to the Court of Common Pleas. Courts must presume that legislatures do not intend to enact useless legislation. *Bergner* v. *State,* 144 Conn. 282.

But still there is § 51-157a, prescribing a $10 fee for appeals to the Court of Common Pleas. This provision was not expressly repealed. Repeals by implication are not favored. *Costa* v. *Reed,* 113 Conn. 377. But a statute is impliedly repealed by a later statute if the latter is necessarily repugnant to the former, i.e., when both cannot reasonably be given effect. *Shanley* v. *Jankura,* 144 Conn. 694. In this case, since there is repugnancy, the latter statute, § 52-257a, which establishes a $15 record fee, will be applied.

Thus, the plaintiff did not pay the required fee at the time of the appeal. She did, however, pay the additional $5 one day after the appeal deadline, upon request of the Circuit Court clerk. Because of this, the appeal will not be dismissed. The failure to comply with the technical procedures established in the Practice Book for taking an appeal is not a jurisdictional defect depriving this court of the power to hear an appeal. *LaReau* v. *Reincke,* 158 Conn. 486.

Since the court has the power to hear this case, it will decline to do so only if there has been a substantial failure to comply with the rules of procedure. In *Williams* v. *Citizens Utilities Co.,* 2 Conn. Cir. Ct. 227, the appellant combined in one check appeal fees and security for costs. After the appeal deadline, the appellant made out separate checks to the clerk. The court allowed the appeal, stating (p. 231): "Court rules must be construed liberally so as to prevent injustice. . . . Where no positive violence is done to a rule of practice or procedure, the appeal should be heard despite any technical nonconformity. . . . Technicalities must not be exalted over substance."

In *All Time Mfg. Co.* v. *Van Steenburgh,* 22 Conn. Sup. 464, 1 Conn. Cir. Ct. 94, a failure of one day in filing an assignment of errors was not such an inexcusable lack of diligence under the circumstances of that case as to warrant the granting of a motion to dismiss for failure to prosecute with proper diligence. See Practice Book §§ 696, 1023, 794. Such a motion is addressed to the court's discretion.

In the light of the facts that the plaintiff did finish complying with the applicable statute only one day after the appeal deadline, has diligently prosecuted the appeal, and was reasonably misled by the discrepancies in the statutes, which are both on the books, the court in its discretion will not dismiss the appeal for failure to pay the required fee at the time of appeal in accordance with § 778G of the Practice Book.

The defendant also claims that the plaintiff failed to file a proper security with the court for the costs of appeal, for the benefit of the defendant, within the time prescribed by § 778G of the Practice Book. The recognizance in this case, given only by a resident of this state who was deemed by the authority taking the recognizance to be of sufficient financial responsibility, as authorized by Practice Book § 778G, is substantially similar to Form 600 of the Practice Book. This form is used in appeals to the Supreme Court, which are governed by Practice Book § 602, a section practically identical to § 778G. The recognizance is proper, and the motion to dismiss the appeal will not be granted on this second ground.

The motion to dismiss the appeal is denied.

HAMILL, SPONZO and COLLINS, Js., participated in this decision.